**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL A. LEON, | No. 14-17009 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-00226-DCB |
| v. | |
| BOEING COMPANY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted September 27, 2016[**]

Before:    TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Michael A. Leon appeals pro se from the district court's judgment

dismissing his action alleging Title VII and state law claims.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal under Fed. R. Civ. P.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Thus, we deny Leon's requests for oral argument set forth in his opening and reply briefs.

12(b)(6). *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007). We affirm.

Dismissal of Leon's Title VII retaliation claim was proper because Leon failed to allege facts sufficient to show that he engaged in any protected conduct under Title VII. *See Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 526 (9th Cir. 1994) (setting forth elements of a prima facie Title VII retaliation claim); *see also* 42 U.S.C. § 2000e-3(a) (describing protected activity under Title VII).

The district court did not abuse its discretion in denying Leon leave to amend because further amendment would be futile. *See Ebner v. Fresh, Inc.*, 818 F.3d 799, 803 (9th Cir. 2016) (setting forth standard of review).

The district court did not abuse its discretion in denying Leon's motions for disqualification because Leon failed to establish any ground for recusal. *See* 28 U.S.C. § 455(c), (d)(4); *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (setting forth standard of review and grounds for disqualification).

The district court did not abuse its discretion by declaring Leon a vexatious litigant and imposing a pre-filing order against him because it gave Leon notice and an opportunity to be heard, developed an adequate record for review, made findings regarding his frivolous litigation history, and tailored the restrictions in the pre-filing order narrowly. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d

14-17009

1047, 1056-61 (9th Cir. 2007) (setting forth standard of review and discussing factors to consider before imposing pre-filing restrictions). However, to the extent that Leon wishes to apply for in forma pauperis status for any "future filings in the United States District Court for the District of Arizona" or seeks to file a claim "for relief under Title VII, the ADA, or the FCA", we direct the district court to add the following sentence to its order: If Leon wishes to file an action alleging claims under the False Claims Act, the Americans with Disabilities Act, or Title VII, or seeks in forma pauperis status for future filings in this District, Leon may seek permission from the magistrate judge.

Contrary to Leon's contention, the Northern District of Illinois did not abuse its discretion in transferring Leon's action to the District of Arizona because the events giving rise to Leon's claim occurred in Arizona. *See Lou v. Belzberg*, 834 F.2d 730, 734, 739 (9th Cir. 1987) (setting forth standard of review and explaining that "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [a plaintiff's] choice is entitled to only minimal consideration.").

We reject as meritless Leon's contention that the district court erred in denying him permission to file electronically.

Defendants' request for judicial notice of court filings in other proceedings

is denied as unnecessary.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**