**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANCIS J. PULLANO, | No. 15-16840 |
| Plaintiff-Appellant, | D.C. No. 2:10-cv-00335-JAD-VCF |
| v. | |
| MARY BRAMMER, NaphCare Nurse; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted March 8, 2017[**]

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Former Nevada state prisoner Francis J. Pullano appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2016) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011) (cross-motions for summary judgment). We affirm in part, vacate in part, and remand.

The district court properly dismissed Pullano's deliberate indifference claims against defendant NaphCare, Inc., because Pullano failed to allege facts sufficient to show that a constitutional deprivation resulted from an official policy, practice, or custom. *See Cameron v. Craig*, 713 F.3d 1012, 1023 (9th Cir. 2013) (setting forth elements of a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

The district court properly granted summary judgment on Pullano's deliberate indifference claims against defendants Frank, Nolasco, Venturina, and Goodman related to the confiscation of his cane, transfer from medical housing, dispensing of his medication, and blood pressure reading because Pullano failed to raise a genuine dispute of material fact as to whether Pullano suffered any actionable harm from the alleged violations of his rights. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (to satisfy the second prong, plaintiff must show a purposeful act or failure to respond and harm caused by the indifference).

However, Pullano raised a genuine dispute of material fact as to whether

defendants Frank, Goodman, and Venturina were deliberately indifferent by denying his use of a CPAP machine to treat his sleep apnea. The district court concluded that Pullano had failed to establish that he suffered any actionable harm because he did not submit any medical evidence and defendnats submitted a medical expert's report explaining that Pullano did not suffer any serious complications or new diagnosis resulting from the denial of the use of his CPAP machine. Although Pullano did not show any grievous harm, a genuine dispute of material fact exists as to whether he suffered "pain and suffering" that did not serve any penological purpose. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (explaining that a plaintiff need not show that defendants' conduct caused grievous harm). Accordingly, we vacate and remand for further proceedings on this claim only.

The district court did not abuse its discretion by denying Pullano's motion to amend his complaint because Pullano's motion was filed more than one year after the deadline to amend had passed. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (standard of review and explaining that undue delay is a proper basis for denial of leave to amend).

The district court did not abuse its discretion by considering defendants'

amended expert report.  *See Gribben v. United Parcel Serv., Inc.*, 528 F.3d 1166, 1171 (9th Cir. 2008) (standard of review).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**