**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANGELA EBNER,
    *Plaintiff-Appellant*,

v.

FRESH, INC., a Delaware
Corporation,
    *Defendant-Appellee.*

No. 13-56644

DC No.
8:13 cv-00477 JVS

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted January 11, 2016
Pasadena, California

Filed March 17, 2016
Amended September 27, 2016

Before: Jerome Farris, A. Wallace Tashima,
and Jay S. Bybee, Circuit Judges.

Order;
Opinion by Judge Tashima

# SUMMARY*

## California Law

The panel denied a petition for panel rehearing, denied on behalf of the court a petition for rehearing en banc, withdrew the opinion filed on March 17, 2016, and filed an amended opinion affirming the district court's Fed. R. Civ. P. 12(b)(6) dismissal of a plaintiff's putative consumer class action alleging that cosmetics and skin care products manufacturer Fresh, Inc., deceived consumers about the quantity of lip balm in its Sugar Lip Treatment product line.

The panel held that under California law, plaintiff has not alleged, and cannot allege, facts to state a plausible claim that the Sugar label was false, deceptive, or misleading; and thus, the district court did not err in dismissing the label-based claims. The panel held that plaintiff's reliance on *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (holding that *if* the defendant commits an act of deception, the presence of fine print revealing the truth is insufficient to dispel that deception), was unpersuasive because, unlike in *Williams*, here there was no deceptive act to be dispelled.

The panel held that because plaintiff cannot plausibly allege that Sugar's design and packaging was deceptive, the district court did not err in dismissing the packaging-based claims. The panel further held that the district court correctly concluded that the First Amended Complaint failed to allege

---

* This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

a violation of the California Fair Packaging and Labeling Act, Cal. Bus. & Prof. Code § 12606(b).

The panel held that any further amendment of plaintiff's complaint would be futile. Finally, the panel held that because the First Amended Complaint failed to state a claim under any of the California statutes – the Unfair Competition Law, the Consumer Legal Remedies Act, the False Advertising Law, and the Fair Packaging and Labeling Act, the unjust enrichment cause of action was mooted.

## COUNSEL

Henry Alexander Iliff (argued), Dorsey & Whitney LLP, New York, New York; James E. Howard, Dorsey & Whitney LLP, Seattle, Washington; Adam H. Springel, Springel & Fink LLP, Irvine, California, for Plaintiff-Appellant.

Stephen R. Smerek (argued), Drew A. Robertson, and Shawn Rieko Obi, Winston & Strawn LLP, Los Angeles, California, for Defendant-Appellee.

**ORDER**

The Opinion filed March 17, 2016, and reported at 818 F.3d 799, is withdrawn and replaced by the Amended Opinion filed concurrently with this order.

With these amendments, the panel has voted to deny the petition for panel rehearing. Judge Bybee votes to deny the petition for rehearing en banc and Judges Farris and Tashima so recommend. The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on en banc rehearing. *See* Fed. R. App. P. 35(f). The petition for panel rehearing and the petition for rehearing en banc are denied.

No further petitions for panel rehearing or rehearing en banc will be entertained.

---

**OPINION**

TASHIMA, Circuit Judge:

Angela Ebner ("Plaintiff") alleges that cosmetics and skin care products manufacturer Fresh, Inc. ("Fresh") deceived consumers about the quantity of lip balm in its Sugar Lip Treatment ("Sugar") product line. Although Sugar's label accurately indicates the net weight of included lip product, the tube design uses a screw mechanism that allows only 75% of the product to advance up the tube. A plastic stop device prevents the remaining 25% from advancing past the tube opening. Each Sugar tube contains a weighted metallic bottom and is wrapped in oversized packaging. Plaintiff

brought a putative consumer class action against Fresh, alleging that Fresh's label, tube design, and packaging are deceptive and misleading.  The district court granted Fresh's Rule 12(b)(6) motion to dismiss Plaintiff's First Amended Complaint ("FAC") with prejudice.  We affirm.

## I.

We accept as true the well-pleaded factual allegations in the complaint.  *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).  According to the FAC, Sugar is a lip treatment that comes in a variety of flavors and tints and sells in retail stores and on the internet for approximately $22.50 to $25.00 per unit.  Over the past four years, Plaintiff, a California resident, has purchased Sugar at various locations in Southern California.

Sugar comes in an oversized dispenser tube that uses a screw mechanism to push the lip product to the top of the tube.  The tube is packaged and sold in a large cardboard box. Both the tube and the cardboard box have labels indicating the net weight of the included lip product.  For an "original" size tube, the indicated product weight is "4.3g e 0.15 oz."; for the "mini" size, the label reads "2.2.g e 0.08 oz."  The FAC does not allege that the Sugar tube contains less than the stated quantity of product.  Rather, it alleges that the stated product quantity is false and misleading because only a portion of that product is reasonably accessible to the consumer.  Specifically, the tube's screw mechanism permits only 75% of the total lip product to advance past the top of the tube.  A plastic stop device prevents the remaining 25% of the product "from being accessible to the consumer in its intended manner or any other reasonable manner."  Plaintiff alleges that the "intended manner" of application is to apply

the product from the tube directly to the lips. By contrast, other lip balms using a dispenser tube, such as Burt's Bees, make "all or more" of the advertised product weight accessible to the consumer.

Plaintiff alleges that Sugar's "vastly oversized tubes and boxes" create the misleading impression that each unit has a larger quantity of lip product than it actually contains. Each Sugar tube also contains a 5.35 gram metallic weight that is concealed at the base of the tube. Collectively, the tube, cardboard box, weighted bottom, and 4.3 grams of lip product in an original tube of Sugar weigh approximately 29 grams. Plaintiff contends that as a result of Fresh's labeling, design, and packaging practices, she was misled as to the amount of lip product actually accessible in a tube of Sugar and was deprived of the value of her purchases.

The FAC asserts four state-law causes of action: (1) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; (2) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; and (4) unjust enrichment. Fresh moved to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6). The district court granted the motion and denied leave to amend. This timely appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6), accepting all factual allegations in the complaint as true and construing them in the light most

favorable to the nonmoving party." *Skilstaf, Inc.*, 669 F.3d at 1014. We may "affirm the district court's dismissal on any ground supported by the record." *ASARCO, LLC v. Union Pac. R.R.*, 765 F.3d 999, 1004 (9th Cir. 2014) (citations omitted). Dismissal is appropriate if the plaintiff has not "allege[d] enough facts to state a claim to relief that is plausible on its face." *Turner v. City & Cty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015) (quoting *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008)). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court's denial of leave to amend is reviewed for an abuse of discretion. *Alvarez v. Chevron Corp.*, 656 F.3d 925, 931 (9th Cir. 2011). "In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (citation omitted).

## III.

The district court divided Plaintiff's claims into two categories: (1) claims based on Sugar's labeling; and (2) claims based on Sugar's tube design and packaging. In dismissing the label-based claims, the district court concluded that both California's safe harbor doctrine and federal preemption under the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 301 *et seq.*, were independently fatal to Plaintiff's claims. As for the design and packaging claims, the district court concluded that neither Sugar's tube design

nor packaging were deceptive or misleading to the reasonable consumer. Additionally, the district court concluded that the FAC failed to plead a violation of the California Fair Packaging and Labeling Act's ("FPLA") prohibition of nonfunctional slack fill, Cal. Bus & Prof. Code § 12606. We discuss each of these in turn.

**A.**

### 1. *California's Safe Harbor Doctrine*

The UCL, CLRA, and FAL, under which Plaintiff's deceptive labeling claims are brought, all prohibit unlawful, unfair, or fraudulent business practices. *See* Cal. Bus. & Prof. Code §§ 17200, 17500; *see also* Cal. Civ. Code § 1770. In California, unfair competition claims are subject to the safe harbor doctrine, which precludes plaintiffs from bringing claims based on "actions the Legislature permits." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 542 (Cal. 1999). To fall within the safe harbor, the challenged conduct must be affirmatively permitted by statute – the doctrine does not immunize from liability conduct that is merely not unlawful. As the California Supreme Court explained:

> There is a difference between (1) not making an activity unlawful, and (2) making that activity lawful. . . . Acts that the Legislature has determined to be lawful may not form the basis for an action under the unfair competition law, but acts may, if otherwise

> unfair, be challenged under the unfair competition law even if the Legislature failed to proscribe them in some other provision.

*Id.* at 541–42.

The FAC alleges that, although the Sugar label accurately states the net weight of lip product in the tube, only 75% of that product is reasonably accessible. To the extent the FAC challenges the Sugar label's accurate net weight statement, this claim is barred by the safe harbor doctrine. Both federal and California law affirmatively require cosmetics manufacturers to include an accurate statement of the net weight of included cosmetic product. 21 C.F.R. § 701.13(g) ("The declaration shall accurately reveal the quantity of cosmetic in the package exclusive of wrappers and other material packed therewith[.]"); Cal. Bus. & Prof. Code § 12603(b) ("The net quantity of contents []in terms of weight or mass . . . shall be separately and accurately stated . . . upon the principal display panel of that label[.]"). Because Fresh complied with federal and state law requiring a net weight statement on Sugar's label, this conduct cannot form the basis of an unfair competition claim. *Cal-Tech Commc'ns, Inc.*, 973 P.2d at 541–42.

Plaintiff's other label claim is based on Fresh's *omission* of any supplemental or clarifying statement about product accessibility. This omission, Plaintiff argues, renders the existing net weight label deceptive and misleading. Unlike a claim seeking to alter the net weight declaration itself, this claim does not fall within the safe harbor because there is no law expressly permitting the omission of supplemental statements. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1167 (9th Cir. 2012) ("[T]o fall under a safe harbor, the

omission of the annual [fee] disclosure from Defendants' advertisements must be expressly permitted by some other provision. It is not enough if [federal law] merely fail[s] to prohibit such an omission."). For that matter, federal regulations governing cosmetic labeling expressly *permit* "supplemental statements at locations other than the principal display panel(s) describing in nondeceptive terms the net quantity of contents . . . ." 21 C.F.R. § 701.13(q). Likewise, the FPLA, Cal. Bus. & Prof. Code § 12601 *et seq.*, permits supplemental statements "describing in nondeceptive terms the net quantity of contents[.]" Cal. Bus. & Prof. Code § 12605. Because the omission of supplemental statements is not expressly and affirmatively permitted by law, Plaintiff's claim that the net weight label is nonetheless deceptive due to the lack of a supplemental statement explaining product accessibility is not precluded by the safe harbor doctrine.

### 2. *Federal Preemption Under the FDCA*

As an additional ground for dismissing the label-based claims, the district court held that Plaintiff's claim that Fresh was required to include supplemental statements regarding product accessibility was preempted by the FDCA. We disagree.

The relevant FDCA provision states:

> [N]o State . . . may establish or continue in effect any requirement for labeling or packaging of a cosmetic that is different from or in addition to, or that is otherwise not identical with, a requirement specifically

applicable to a particular cosmetic or class of cosmetics under this chapter.

21 U.S.C. § 379s(a).  Importantly, § 379s "does not preempt state laws that allow consumers to sue cosmetics manufacturers that label or package their products *in violation of federal standards.*"  *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 757 (9th Cir. 2015) (emphasis added).

Fresh argues that any state-law claim requiring it to include supplemental statements about product accessibility is preempted by the FDCA because federal law does not impose any such requirement on cosmetics manufacturers. This argument misconstrues Plaintiff's claim.  In challenging Fresh's omission of supplemental statements about product weight, Plaintiff seeks to enforce § 111730 of California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), Cal. Health & Safety Code § 109875 *et seq*.  Section 111730 states that "[a]ny cosmetic is misbranded if its labeling is false or misleading in any particular."  Cal. Health & Safety Code § 111730.   The language in the Sherman Law is virtually identical to the language in the FDCA, which states that a "cosmetic shall be deemed to be misbranded if its labeling is false or misleading in any particular."  21 U.S.C. § 362(a).   In other words, both the federal FDCA and California's Sherman Law prohibit the false or misleading labeling of a cosmetic.  Viewed in this light, Plaintiff "is not asking [Fresh] to modify or enhance any aspect of its cosmetics labels that are required by federal law."  *Astiana*, 783 F.3d at 758.  Rather, the state-law duty that Plaintiff seeks to enforce under the Sherman Law is *identical* to Fresh's federal duty under the FDCA: the duty to avoid false or misleading labeling.   Whether or not the lack of a

supplemental statement rendered the accurate net weight label deceptive goes to the *merits* of the claim, not the question of federal preemption. *See id.* at 758 n.3 ("To the extent [the defendant] claims that no consumer would be deceived . . . this argument goes to the merits of [plaintiff's] assertion that she was deceived by the allegedly false or misleading label, not the question of federal preemption."). Because the Sherman Law does not amount to something "different from or in addition to" what federal law already requires, under 21 U.S.C. § 379s, preemption does not bar Plaintiff's claim.

### 3.  *Reasonable Consumer Standard*

Although we conclude that neither the safe harbor doctrine nor FDCA preemption bars Plaintiff's supplemental statement claim, this label claim ultimately fails on the merits because Plaintiff cannot plausibly allege that the omission of supplemental disclosures about product weight rendered Sugar's label "false or misleading" to the reasonable consumer. Plaintiff's claims under the California consumer protection statutes are governed by the "reasonable consumer" test. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Under this standard, Plaintiff must "show that 'members of the public are likely to be deceived.'" *Id.* (citation omitted); *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). This requires more than a mere possibility that Sugar's label "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Lavie v. Procter & Gamble Co.*, 129 Cal. Rptr. 2d 486, 495 (Ct. App. 2003). Rather, the reasonable consumer standard requires a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*

Plaintiff's claim that the reasonable consumer would be deceived as to the amount of lip product in a tube of Sugar is not plausible. It is undisputed that the Sugar label discloses the correct weight of included lip product. Dispenser tubes that use a screw mechanism to push up a solid bullet of lip product[1] are commonplace in the market. The reasonable consumer understands the general mechanics of these dispenser tubes and further understands that some product may be left in the tube to anchor the bullet in place. Moreover, the allegations of the FAC make clear that even after the plastic stop device prevents more product from advancing up the tube, the consumer can still see the surface of the remaining bullet. Although the consumer may not know precisely how much product remains, the consumer's knowledge that *some* additional product lies below the tube's opening is sufficient to dispel any deception; at that point, it is up to the consumer to decide whether it is worth the effort to extract any remaining product with a finger or a small tool. A rational consumer would not simply assume that the tube contains no further product when he or she can plainly see the surface of the bullet. And even if "some consumers might hazard such an assumption," the Sugar tube is not false and deceptive merely because the remaining product quantity may be "'unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons. . .'" that may purchase the product. *Davis*, 691 F.3d at 1162 (quoting *Lavie*, 129 Cal. Rptr. 2d at 494).

Plaintiff's reliance on *Williams* is unpersuasive. In *Williams*, parents of small children brought a class action against Gerber based on the allegedly deceptive packaging of

---

[1] We use the term "bullet of lip product" to describe the cylindrical mass of lip product that is dispensed from the top of the tube.

its Fruit Juice Snacks, a food product for toddlers. 552 F.3d at 936. The two most prominent ingredients of Fruit Juice Snacks were sugar and corn syrup, and the only fruit or juice content was white grape juice from concentrate. *Id.* Nevertheless, the product: (1) was named "Fruit Juice Snacks"; (2) had images of fruits such as oranges, peaches, strawberries, and cherries on the box; (3) stated that it was made with "fruit juice and other natural ingredients"; and (4) stated that it was "one of a variety of nutritious Gerber Graduates foods and juices that have been specifically designed to help toddlers grow up strong and healthy." *Id.* at 936, 939. We concluded that these features on the packaging would lead a reasonable consumer to believe falsely that the product contained the pictured fruits and that all the ingredients were natural. *Id.* In light of such deceptive packaging, we rejected the use of the ingredient list as a "shield for liability for the deception[,]" explaining that a reasonable consumer is not "expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Id.* Stated straightforwardly, *Williams* stands for the proposition that *if* the defendant commits an act of deception, the presence of fine print revealing the truth is insufficient to dispel that deception.

But here, unlike in *Williams*, there is no deceptive act to be dispelled. As explained above, Sugar's weight label complies with both federal and California law. Further, the weight label does not contradict other representations or inferences on Sugar's packaging. Apart from the accurate weight label, there are no other words, pictures, or diagrams adorning the packaging, as there were in *Williams*, from which *any* inference could be drawn or on which *any* reasonable belief could be based about how much of the total

lip product can be accessed by using the screw mechanism. In the absence of any statement or other depiction anywhere on the package about lip product accessibility, we conclude that it is not plausible that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled" into thinking the entire lip bullet will clear the tube's opening. *See Lavie*, 129 Cal. Rptr. 2d at 495.

Plaintiff has not alleged, and cannot allege, facts to state a plausible claim that the Sugar label is false, deceptive, or misleading. Thus, the district court did not err in dismissing the label-based claims.

**B**.

Next, Plaintiff alleges that Sugar's oversized and weighty packaging and tube design are unfair, deceptive, and misleading under the FAL, CLRA, and UCL. As part of her UCL claim, Plaintiff also alleges unlawful acts in violation of the Sherman Law, which proscribes "misleading" cosmetics containers, Cal. Health & Safety Code § 111750, and the FPLA, which provides that no container shall have a false bottom that "facilitate[s] the perpetration of deception or fraud," Cal. Bus. & Prof. Code § 12606(a).

Like the label-based claims, Plaintiff's design and packaging claims under these statutes are governed by the reasonable consumer test.[2] *Williams*, 552 F.3d at 938 (citing

---

[2] Having dismissed Plaintiff's label-based FAL claim on safe harbor and preemption grounds, the district court dismissed any remaining part of the FAL claim on the ground that Sugar's packaging does not constitute an untrue or misleading "statement" prohibited by the FAL. This ruling was

*Freeman*, 68 F.3d at 289). Plaintiff alleges that the tube's screw mechanism, the 5.35 gram metallic bottom, and the oversized tube and cardboard packaging all contribute to the misleading impression of a larger quantity of lip product than is actually included. These claims fail for largely the same reasons that the label-based claims fail. As explained above, an accurate net weight label is affixed to every Sugar tube and its accompanying cardboard box. Just as the reasonable consumer understands that additional product may remain in the dispenser tube after the screw mechanism prevents further advancement of the lip bullet, the reasonable consumer also understands that some additional weight at the bottom of the tube – not consisting of product – may be required to keep the tube upright.

Sugar sells for approximately $22.50 to $25.00 a unit. When viewed in the proper context of the high-end cosmetics market, Sugar's elaborate packaging and the weighty feel of the tube is commonplace and even expected by a significant portion of Fresh's "targeted consumers." *Lavie*, 129 Cal. Rptr. 2d at 495. Because of the widespread nature of this practice, no reasonable consumer expects the weight or overall size of the packaging to reflect directly the quantity of product contained therein. Because Plaintiff cannot plausibly allege that Sugar's design and packaging is deceptive, the

---

in error. The FAL prohibits unfair, deceptive, untrue, or misleading *advertising*, and this Court has previously concluded that a product's packaging may form the basis of an FAL claim. *See Williams*, 552 F.3d at 938–40 (reversing district court's dismissal of an FAL claim where defendant's packaging for its fruit juice snack product included pictures of different fruits "potentially suggesting (falsely) that those fruits or their juices are contained in the product"). However, as explained below, the FAL claim ultimately fails because Plaintiff has not alleged a plausible claim for relief.

district court did not err in dismissing the packaging-based claims.

## C.

Finally, Plaintiff claims that the Sugar tube violates § 12606(b) of the FPLA,  which deems a container misleading if it contains nonfunctional slack fill.  Cal. Bus. & Prof. Code § 12606(b).  Slack fill is defined as "the difference between the actual capacity of a container and the volume of product contained therein."  *Id.*  "Nonfunctional slack fill is the empty space in a package that is filled to substantially less than its capacity for reasons other than" one or more of the 15 enumerated reasons listed in the statute.  *Id.*

The FAC alleges that "the significant portion of product falling below the mechanical stop device constitutes nonfunctional slack fill."  This cannot constitute "slack fill" because under the plain language of the statute, slack fill means the portion of the container *without* product, *i.e.*, empty space.  Thus, the lip product falling below the stop device does not meet the definition of actionable slack fill.  The district court correctly concluded that the FAC fails to allege a violation of § 12606(b).

## IV.

Plaintiff also contends that she should have been given leave to amend her FAC.  Although, under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be "freely" given, that liberality does not apply when amendment would be futile.  *See Doe*, 58 F.3d at 497 (leave to amend should be freely given, "unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts").

Such is the case here.  As the above analysis in Part III demonstrates, any further amendment would be futile.

Finally, Plaintiff also pleads a cause of action for unjust enrichment.  The FAC recognizes, however, that "[u]njust enrichment is a component of recovery under the statutes [UCL, CLRA, FAL, and FPLA] cited above."  Thus, here, unjust enrichment is asserted as a remedy for the statutory violations alleged in the FAC.  Because we have concluded that the FAC fails to state a claim under any of these statutes, the unjust enrichment cause of action has been mooted.

•  ●  •

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**