**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEROLYN CRUTE SACKMAN, | No.    15-55846 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00090-DMG-E |
| v. | |
| CITY OF LOS ANGELES, a Municipal Corporation; GREG SAVELLI, in his official capacity as Executive Officer of Parking Enforcement and Traffic Control for the Los Angeles Department of Transportation, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted February 7, 2017
Pasadena, California

Before: SCHROEDER, PREGERSON, and MURGUIA, Circuit Judges.

Jerolyn Crute Sackman appeals the district court's order dismissing with

prejudice her 42 U.S.C. § 1983 claim based on a City of Los Angeles ("City") law

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

that prohibits parking in the same spot on a public street for at least 72 hours ("the 72-hour law"). We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016). We affirm.

1.      Sackman fails, as a matter of law, to state a claim for a violation of substantive due process. The 72-hour law did not implicate Sackman's fundamental rights because the law impacts an economic/property interest. *See Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 584 F.3d 1232, 1236 (9th Cir. 2009). Because a fundamental right is not implicated here, the law is subject to rational basis review. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). The 72-hour law is rationally related to the City's legitimate objective to discourage people from monopolizing parking spaces on streets for lengthy periods of time and to prevent the abandonment of cars. Apart from her conclusory allegations, Sackman fails to plausibly allege that the City's enforcement of the 72-hour law in this case was arbitrary and irrational.

2.      Sackman also fails, as a matter of law, to state a claim for a violation of procedural due process based on a purported lack of pre-citation and pre-towing notice. While Sackman contends that posted signs warning of the 72-hour law

2

were required as a matter of due process, a legislature generally provides the requisite level of notice "simply by enacting the statute, publishing it, and, to the extent the statute regulates private conduct, affording those within the statute's reach a reasonable opportunity to familiarize themselves with the general requirements imposed and to comply with those requirements." *Lone Star*, 584 F.3d at 1237 (quotation and citation omitted). Here, the City provided further pre-towing notice by attaching a citation to Sackman's vehicle two days before it was towed.

Additionally, the procedural due process balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976), weighs in favor of the City. Even where the citation and impound of Sackman's vehicle impacted a significant private interest, there was a low risk of erroneous deprivation because Sackman was able to contest the propriety of the citation and impound at administrative hearings and seek judicial review in state court[1], and the posting of signs on every street would entail a substantial administrative and fiscal burden on the City.

---

[1] Sackman's request for the court to take judicial notice of state court records is **GRANTED**. However, those records do not reveal the basis for the state court's decision to refund the citation fine, and even if the state court determined that the 72-hour law was invalid under state law due to a lack of posted signs, a violation of constitutional due process does not necessarily follow. *See Lone Star*, 584 F.3d at 1236.

**AFFIRMED.**