**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY J. DELEVIN, AKA Gabriel of Urantia; et al., | No. 15-16765<br>16-15850 |
| Plaintiffs-Appellants, | D.C. No. 4:12-cv-00118-FRZ |
| v. | |
| TED HOLTEEN; et al., | MEMORANDUM [*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Argued and Submitted April 6, 2017
Pasadena, California

Before: McKEOWN and CALLAHAN, Circuit Judges, and QUIST,[**] District Judge.

Anthony Delevin, Daniel Steinhardt, and Stacy Luther-Myszka are members of an Arizona-based music band, and Shannon Plyler is the band's publicist (collectively, "the band"). After Plyler received an email from Ted Holteen, an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

editor at *The Durango Herald*, the band sued Holteen and the newspaper for intentional infliction of emotional distress ("IIED"). The band appeals the dismissal of its IIED claim and the award of attorney's fees. We review de novo an order granting a motion to dismiss and for abuse of discretion the dismissal of claims with prejudice. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962–63 (9th Cir. 2016). A district court's choice-of-law decision is also reviewed de novo. *Schoenberg v. Exportadora de Sal, S.A. de C.V.*, 930 F.2d 777, 782 (9th Cir. 1991). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Under Colorado law, IIED liability results "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Rugg v. McCarty*, 476 P.2d 753, 756 (Colo. 1970) (citation omitted). "In determining whether a plaintiff has alleged behavior that is outrageous as a matter of law, the trial court must analyze the totality of the defendant's conduct." *Han Ye Lee v. Colo. Times, Inc.*, 222 P.3d 957, 963 (Colo. App. 2009).

Holteen's conduct was not "outrageous" as a matter of law. Although the email may have been upsetting, insulting, and in poor taste, that would not be enough under Colorado law. *Pearson v. Kancilia*, 70 P.3d 594, 597 (Colo. App. 2003) ("Mere insults, indignities, [and] threats . . . are insufficient."). The solitary

email, even considering the surrounding circumstances, was not "so outrageous in character" nor "so extreme in degree" as to be "utterly intolerable in a civilized community." *Rugg*, 476 P.2d at 756. And even if we were to reach the band's "position of power" argument, which was not raised below, it would not alter our conclusion. The alleged relationship and authority are not of the kind that Colorado courts would consider legally relevant. *See Pearson*, 70 P.3d at 598; Restatement (Second) of Torts § 46 cmt. e (1965).

The band next claims that dismissal *with prejudice* was improper. A district court must grant leave to amend "only . . . if a complaint can possibly be saved." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). Although courts should grant leave freely, "that liberality does not apply when amendment would be futile." *Ebner*, 838 F.3d at 968. The band did not seek leave to amend in the district court and it still offers no adequate basis for amendment on appeal. Because the deficiencies in the band's complaint "could not possibly be cured by the allegation of other facts," the district court did not abuse its discretion in dismissing with prejudice. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curiam).

Finally, the band argues that Colorado law should not govern the issue of attorney's fees. "In a diversity case, the district court must apply the choice-of-law rules of the state in which it sits." *Abogados v. AT&T, Inc.*, 223 F.3d 932, 934 (9th

3

Cir. 2000). Arizona follows the Restatement (Second) of Conflict of Laws (1971) to determine which state's law is applicable. *Bates v. Superior Court*, 749 P.2d 1367, 1369 (Ariz. 1988). Under the Restatement, as applied by Arizona's courts, the state having the most significant relationship to the parties and the claims—*i.e.*, the state whose substantive law provides the rule of decision on the validity of the claim—determines whether one of the parties is entitled to attorney's fees. *See Aries v. Palmer Johnson, Inc.*, 735 P.2d 1373, 1380 (Ariz. Ct. App. 1987). Because Colorado law governed the underlying merits of the band's tort claims, Colorado law also governs the entitlement to attorney's fees, which are mandatory because the claims were dismissed before trial. *See* Colo. Rev. Stat. § 13-17-201.

**AFFIRMED.**