
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDER FOROUZESH, individually and on behalf of all others similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> STARBUCKS CORPORATION; et al., <br><br> Defendants-Appellees. | No. 16-56355 <br><br> D.C. No. 2:16-cv-03830-PA-AGR <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 8, 2018**
Pasadena, California

Before:  GRABER, W. FLETCHER, and OWENS, Circuit Judges.

Plaintiff Alexander Forouzesh timely appeals from the dismissal with

prejudice of this diversity action, which alleged a variety of California tort and

statutory claims.  On de novo review of this dismissal pursuant to Federal Rule of

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Civil Procedure 12(b)(6), Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1159 (9th Cir. 2012), we affirm.

The statutory claims fail as a matter of law because no reasonable consumer would think (for example) that a 12-ounce "iced" drink, such as iced coffee or iced tea, contains 12 ounces of coffee or tea and no ice. See Ebner v. Fresh, Inc., 838 F.3d 958, 965 (9th Cir. 2016) (applying the "reasonable consumer" standard to California claims and upholding the dismissal with prejudice of a similarly speculative claim).

The fraud claim fails for the same reason because (even assuming that there was a representation) justifiable reliance is absent. See Lazar v. Superior Court, 909 P.2d 981, 984 (Cal. 1996) (holding that justifiable reliance is a required element of a fraud claim).

The claim for breach of express warranty fails because the complaint contains no allegation that Defendant promised that the iced drinks in question would contain a specific amount of liquid, as distinct from a total amount of liquid and ice. See Viggiano v. Hansen Natural Corp., 944 F. Supp. 2d 877, 893–95 (C.D. Cal. 2013) (stating elements of express warranty claim in California).

2

Finally,[1] the district court did not abuse its discretion, <u>Leadsinger, Inc. v. BMG Music Publ'g</u>, 512 F.3d 522, 532 (9th Cir. 2008), by denying leave to amend. The court permissibly concluded that the defects in Plaintiff's theories of liability cannot be cured, so that the requested amendment would have been futile.

**AFFIRMED**.

---

[1] Plaintiff has waived any argument that dismissal of the additional claims was erroneous, because his opening brief does not address those claims. <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1367 (9th Cir. 1995).