**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWIN F. PARSON, | No. 18-35995 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-00002-TMB |
| v. | |
| UNITED STATES AIR FORCE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Submitted August 19, 2019[**]

Before: SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Edwin F. Parson appeals pro se from the district court's judgment dismissing

his action alleging federal claims. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Watison v.*

*Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We may affirm on any ground

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

supported by the record. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016). We affirm.

The district court properly dismissed Parson's claims alleging violation of the Posse Comitatus Act because Parson failed to establish that the United States had waived sovereign immunity for such claims. *See Reed v. U.S. Dep't of the Interior*, 231 F.3d 501, 504 (9th Cir. 2000) ("The United States can be sued only to the extent that it has waived sovereign immunity."); *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) ("The party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of immunity.").

Dismissal of Parson's claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against defendants United States Air Force, Eielson AFB Security Forces, and Dobbins was proper because Parson failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* . . . a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *FDIC v. Meyer*, 510 U.S. 471 (1994) (the United States has not waived its sovereign immunity for constitutional torts; declining to extend *Bivens* liability to agencies of the federal government); *Hebbe v. Pliler,* 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual

2

allegations sufficient to state a plausible claim for relief).

**AFFIRMED.**