NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| PAUL TUFANO, Individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　　　　Defendant-Appellee. | No.　20-15995<br><br>D.C. No.<br>2:18-cv-03281-MCE-DB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted March 12, 2021[**]
Las Vegas, Nevada

Before: CLIFTON, NGUYEN, and BENNETT, Circuit Judges.

Paul Tufano appeals the district court's order granting State Farm Mutual

Automobile Insurance Company's ("State Farm") motion to dismiss his first

amended complaint for failure to state any plausible claims. We have jurisdiction

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1

pursuant to 28 U.S.C. § 1291 and affirm.

This case concerns State Farm's refusal to pay Tufano for the diminished value of his car after it was fully repaired. In 2017, Tufano was involved in a collision with another driver, Rosalio Acero. Both Tufano and Acero were insured by State Farm. Tufano's policy includes collision coverage that gave State Farm the choice between repairing or replacing the car, and State Farm elected to, and did, repair Tufano's car. Tufano's policy coverage excluded recovery for "any reduction in the value of the covered vehicle after it has been repaired, as compared to its value before it was damaged." Nonetheless, Tufano filed an insurance claim for the diminished value of his repaired car, which State Farm denied. Tufano then brought this putative class action, alleging breach of contract (on both his own and Acero's policies) and various state and federal fraud claims. The district court dismissed Tufano's complaint because the claims under his own policy were precluded by applicable case law, he had no basis to bring claims under Acero's policy, and the fraud claims lacked the requisite particularity.

We review de novo the district court's order granting the motion to dismiss for failure to state a claim. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 (9th Cir. 2021). We may affirm the district court's dismissal on "any ground supported by the record." *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008).

Tufano argues that his policy's exclusion of coverage for the diminished value of his car violates California law and public policy. But California courts have consistently held that such insurance policies are permissible. *See Baldwin v. AAA N. Cal., Nev. & Utah Ins. Exch.*, 204 Cal. Rptr. 3d 433, 441–42 (Ct. App. 2016); *Carson v. Mercury Ins. Co.*, 148 Cal. Rptr. 3d 518, 533 (Ct. App. 2012); *Ray v. Farmers Ins. Exch.*, 246 Cal. Rptr. 593, 596 (Ct. App. 1988). Our nonprecedential decision in *Copelan v. Infinity Insurance Co.*, 728 F. App'x 724 (9th Cir. 2018), did not suggest otherwise. *See id.* at 726 (holding that insurer's "'election to repair is conclusive,' regardless of any diminution in value" (quoting *Ray*, 246 Cal. Rptr. at 595)).

Tufano further contends that State Farm breached the implied covenant of good faith and fair dealing. But in *Baldwin*, the court explained that "[a]n insurer does not act in bad faith by repairing, as promised in the policy, the insured's vehicle," and rejected the plaintiff's argument that his insurer improperly excluded coverage for his car's diminished value. 204 Cal. Rptr. 3d at 444 (citing *Carson*, 148 Cal. Rptr. 3d at 533–34). Thus, Tufano has not plausibly alleged bad faith here. Because Tufano's claim under his own policy is based on the contract (and there is no bad faith), California Civil Jury Instruction No. 3903J, which allows litigants to recover the diminished value of a car in tort actions, is irrelevant. *See id.* at 445 n.6.

Tufano also attempts to recover diminished value from State Farm under

Acero's liability coverage. However, to directly sue State Farm based on Acero's policy, Tufano must first obtain a court judgment against Acero. Cal. Ins. Code § 11580(b)(2). Otherwise, he is a stranger to Acero's insurance policy with State Farm and lacks standing to enforce Acero's contractual rights. *See Coleman v. Republic Indem. Ins. Co.*, 33 Cal. Rptr. 3d 744, 746 (Ct. App. 2005) ("[T]he coincidental fact that plaintiffs are insured by the same insurer as the other party does not change plaintiffs' position as strangers to the other party's insurance policy . . . ."). Here, there is no evidence that Tufano has obtained a judgment against Acero. Rather, Tufano contends that he does not need a judgment, because his position is like that of an excess insurer in an equitable subrogation action, who can proceed without a judgment against a primary insurer. But "actions between liability insurers are not based on contract," so insurers may resolve disputes between themselves "without the limits imposed in other contexts by the direct-action proscription." *Fortman v. Safeco Ins. Co. of Am.*, 271 Cal. Rptr. 117, 119 (Ct. App. 1990). Because Tufano's action against State Farm is based on Acero's insurance contract, he lacks standing to sue based on Acero's policy.

Finally, Tufano alleges that State Farm misrepresented its products as "insurance," which led him to think he was purchasing coverage for the diminished value of his car. Based on these allegations, he contends that State Farm violated California's Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and

4

Consumer Legal Remedies Act ("CLRA"), as well as the federal Racketeer Influenced and Corrupt Organizations Act ("RICO").

The UCL and FAL claims are implausible under the "reasonable consumer" standard. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016). The reasonable consumer would not think the term "insurance" means that the policy will always cover diminished value, because consumers know that insurance policies are customizable and contain all types of exclusions. The CLRA claim fails because the CLRA applies only to transactions involving tangible goods and services, and insurance is neither a tangible good nor a service. *See Fairbanks v. Superior Ct.*, 205 P.3d 201, 202 (Cal. 2009). The RICO claim is predicated on Tufano's allegation that State Farm's advertising of its products as "insurance" constitutes mail fraud or wire fraud. Tufano has not plausibly alleged that State Farm's advertising was misleading, so he has not shown that State Farm formed a scheme to defraud him, as required to establish mail or wire fraud. *See Rothman v. Vedder Park Mgmt.*, 912 F.2d 315, 316–17 (9th Cir. 1990). Without plausible allegations of mail or wire fraud, there is no predicate racketeering activity, and Tufano's RICO claim fails. *See* 18 U.S.C. §§ 1961(1), 1962.

**AFFIRMED.**