NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SARAH VITORT, a consumer residing in Oregon, individually and on behalf of all others situated,

Plaintiff-Appellant,

v.

KROGER COMPANY; et al.,

Defendants-Appellees.

No.    22-35185

D.C. No. 3:20-cv-01317-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Submitted April 21, 2023[**]
Portland, Oregon

Before:  RAWLINSON, BEA, and SUNG, Circuit Judges.

Plaintiff-Appellant Sarah Vitort appeals from the district court's dismissal of

her putative class action complaint against Defendants-Appellees The Kroger

Company and Fred Meyer Stores, Inc. (together, "Kroger"). She alleged that

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Kroger violated multiple provisions of the Oregon Unlawful Trade Practices Act, Or. Rev. Stat. §§ 646.605, et seq. ("OUTPA"), and breached the implied warranty of merchantability when it falsely or misleadingly labeled a spreadable fruit product containing fruit-based sweeteners as "Just Fruit." [1] We review the district court's dismissal de novo. *See Biltmore Assocs., LLC v. Twin City Fire Ins. Co.*, 572 F.3d 663, 668 (9th Cir. 2009). For the reasons stated below, we affirm.

1. We agree with the district court's conclusion that Kroger's "Just Fruit" label is not objectively false. To establish an OUTPA violation, a plaintiff must show that "(1) the defendant committed an unlawful trade practice; (2) plaintiff suffered an ascertainable loss of money or property; and (3) plaintiff's injury (ascertainable loss) was the result of the unlawful trade practice." *Pearson v. Phillip Morris, Inc.*, 361 P.3d 3, 28 (Or. 2015). In turn, a defendant commits an unlawful trade practice when they label a product in a way that is objectively false with regards to the source, characteristics, or quality of the product. *See* Or. Rev. Stat. §§ 646.608(1)(b), (e), (g), (i), and (t).

We consider the definition of "fruit" in the context of spreadable fruit products. *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1229 (9th Cir.

---

[1] Vitort relies on the same arguments and allegations to support both her claim for breach of the implied warranty of merchantability and her five OUTPA claims. The district court correctly held that the claims rise or fall together. Accordingly, we do not separately analyze Vitort's breach of implied warranty claim.

2019) (considering the definition of "diet" in the context of soft drinks). Vitort concedes that the additional ingredients in Kroger's "Just Fruit" product—fruit syrup, pectin, calcium citrate, apple juice concentrate, and citric acid—are each extracted and isolated from actual fruit. However, she argues that these ingredients are not "fruit" because they appear in a form that does not exist in nature. But spreadable fruit products, which also do not exist in nature, necessarily contain ingredients other than the crushed "reproductive bod[ies] of a seed plant." *Fruit*, Merriam Webster Dictionary, available at https://www.merriam-webster.com/dictionary/fruit (last accessed April 19, 2023). While many spreadable fruit products contain non-fruit ingredients, such as flavor extracts, non-fruit sugar, food coloring, or animal gelatin, each ingredient in Kroger's "Just Fruit" product derives from fruit. Accordingly, its label is not objectively false.

2. We further agree with the district court's conclusion that Kroger's "Just Fruit" label is not likely to mislead a reasonable consumer. It is also an unlawful trade practice to label a product in a way that, even if objectively true, is misleading. *See* Or. Rev. Stat. §§ 646.608(1)(b), (e), (g), (i), and (t). The parties agree that whether Kroger's label is misleading is governed by the reasonable consumer test, under which Vitort must show that the label creates "a probability that a significant portion of the general consuming public or of targeted consumers,

3

acting reasonably in the circumstances, could be misled." *Becerra*, 945 at 1229.[2]

We conclude that Kroger's "Just Fruit" label is not likely to mislead a significant portion of reasonable grocery shoppers. Vitort argues that the descriptor "Just" distinguishes Kroger's "Just Fruit" product from other spreadable fruit products by connoting the absence of added sweeteners; Vitort therefore contends the label is misleading because Kroger's product contains fruit syrup and apple juice concentrate. But the "Just Fruit" label does not expressly or impliedly say anything about the sugar content of the product, nor would a reasonable consumer interpret it as doing so—particularly when spreadable fruit products tend to contain added sugars. *See Moore v. Trader Joe's Co.*, 4 F.4th 874, 883–85 (9th Cir. 2021) (considering reasonable consumers as understanding the general characteristics of the products they purchase).

3. In our view, the reasonable interpretation of the "Just Fruit" label forecloses Vitort's claims that Kroger committed an unlawful trade practice under the OUTPA. Accordingly, the district court did not err in dismissing the case with

---

[2] The parties cite to our prior cases analyzing California's articulation of the reasonable consumer test. While the Oregon Supreme Court has suggested that a reasonable consumer test applies to OUTPA claims, it has not held so directly. *Pearson*, 361 P.3d at 32, n.26 ("Presumably, whether [cigarette labeling] was a misrepresentation is determined based on an objective standard of what a reasonable consumer would understand the representation to be; no party argues otherwise in this case, and that is not an issue."). Because the parties agree, we assume without deciding that our prior cases analyzing California's reasonable consumer test provide guidance for analyzing Vitort's Oregon state law claims.

prejudice because Vitort "has not alleged, and cannot allege, facts to state a plausible claim that the [Just Fruit] label is false, deceptive, or misleading." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir. 2016).

4. Because we affirm the district court on independent grounds, we do not reach the Parties' arguments about whether the Federal Food, Drug, and Cosmetic Act preempts Vitort's third and fifth claims. *See Moore*, 4 F.4th at 880 (declining to reach preemption because representations were not misleading). Similarly, we do not reach Kroger's argument that dismissal was separately justified because Vitort cannot establish that she experienced an ascertainable loss.

**AFFIRMED.**