NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KRISTA ROBLES, individually and on behalf of all others similarly situated, | No.    22-55627 |
| Plaintiff-Appellant, | D.C. No. 8:21-cv-00928-JVS-DFM |
| v. | |
| GOJO INDUSTRIES, INC., DBA Purell, an Ohio corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted July 20, 2023
Pasadena, California

Before: NGUYEN and FORREST, Circuit Judges, and BENNETT,[**] District
Judge.

Krista Robles appeals the district court's dismissal of her complaint asserting

claims against GOJO Industries, Inc. (GOJO) based upon its labeling of Purell hand

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Richard D. Bennett, United States District Judge for
the District of Maryland, sitting by designation.

sanitizer. Because we agree that Robles fails to state a plausible claim that the reasonable consumer would be misled into thinking the product kills 99.99% of all germs in existence or all germs known to science, we AFFIRM.

We review a district court's dismissal for failure to state a claim de novo. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). In doing so, we accept as true the well-pleaded factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016). Dismissal is appropriate if the plaintiff has not "alleged enough facts to state a claim to relief that is plausible on its face." *Id.* at 962–63 (alteration and citation omitted).

There is no dispute that all of Robles's claims are governed by the reasonable consumer standard. *See id.* at 965. Therefore, she must plead facts demonstrating that there is a probability that the challenged label could mislead "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances." *Id.* (internal quotation marks and citation omitted). This is "not a negligible burden" and "a plaintiff's unreasonable assumptions about a product's label will not suffice" to prevent dismissal. *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021).

Robles alleges that the front label of certain Purell Advanced Hand Sanitizers claiming the product either "Kills More than 99.99% of Germs" or "Kills More than

99.99% of Most Illness Causing Germs" is misleading. Specifically, Robles alleges the label claims would lead a consumer to believe that the product has been scientifically proven to kill all (or all known) germs, especially those that may cause illness. Robles conceded in her briefing that the front label claims are followed by an "asterisk directing consumers to the back of the label." That back label in turn clarifies that the product "Kills 99.99% of most common germs that may cause illness."

Robles fails to state a claim because she did not plausibly allege that the front label is literally false or that the front label, as clarified by the back label, is false or misleading. *See McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1098 (9th Cir. 2023); *see also Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020). Robles alleges that GOJO lacks any scientific studies conducted on all or all known germs showing that Purell is 99.99% effective and that the product does not effectively kill many harmful and common illness-causing germs. These allegations fail to plausibly claim that the label is literally false as the front label does not claim it has been tested on each individual type of germ or that it kills the specific germs identified by Robles, and Robles does not allege that the "many" germs she claims Purell fails to kill make up more than .01% of all or all known germs.

Further, because the front label is ambiguous as to the population of germs at issue in the product's 99.99% effectiveness claim—as implicitly recognized by

3

Robles's shifting assertions that the label means the product kills 99.99% of all germs or all known germs—we look to the context available to the consumer in determining whether the label is misleading. *Trader Joe's*, 4 F.4th at 882–83; *McGinity*, 69 F.4th at 1099. Rather than contradict the front label, the back label explains to the consumer what population of germs the 99.99% claim applies to: "most common germs that may cause illness." And Robles never plausibly alleges that the 99.99% claim, as clarified by the back label, is false or misleading. *See McGinity*, 69 F.4th at 1099. General knowledge and common sense further inform the reasonable consumer considering a product. *See Trader Joe's*, 4 F.4th at 883–84. Given that Purell is a low-cost *hand* sanitizer available on shelves across the country, a reasonable consumer would not expect this product to kill germs unknown to science or germs that are not found on the hands. *See id.*; *Mars Petcare*, 966 F.3d at 1018 (brand names can shape reasonable consumer expectations).

By electing to stand on her complaint rather than take the opportunity to amend granted by the district court, Robles waived any further opportunity to amend. *See Rick-Mik Enters., Inc. v. Equilon Enters., LLC*, 532 F.3d 963, 977 (9th Cir. 2008).

**AFFIRMED.**

4