FILED

AUG 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHET RANDALL PRUITT,

        Plaintiff-Appellant,

 v.

MANJULA BOBBALA, MD; et al.,

        Defendants-Appellees.

No.   23-15732

D.C. No.
2:20-cv-00632-KJM-AC
Eastern District of California,
Sacramento

ORDER

Before:  FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

The panel has unanimously voted to grant the petition for panel rehearing. The petition for panel rehearing is granted and the memorandum disposition filed on July 25, 2024, is withdrawn. A new memorandum disposition is being filed concurrently with this order. No further petition for panel rehearing may be filed.

The petition for panel rehearing, **Dkt. 49,** is **GRANTED.**

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHET RANDALL PRUITT, | No. 23-15732 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00632-KJM-AC |
| v. | |
| MANJULA BOBBALA, MD; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted July 9, 2024**
San Francisco, California

Before: FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

Chet Pruitt, a California State Prison inmate, appeals the district court's

dismissal of his § 1983 claims against S. Gates, the State Compensation Insurance

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Fund[1] ("Fund"), Dr. Manjula Bobbala, and Dr. Afshin Arya. On December 7, 2018, Pruitt suffered a foot injury while working his prison job.

At this stage in the proceedings, we take all allegations in the complaint as true. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Pruitt alleges that, despite several medical orders, he did not receive timely treatment and did not undergo surgery until November 5, 2020, almost two years after the injury. As a result, he is now disabled. Pruitt filed his original complaint against Dr. Bobbala, Warden Jeff Lynch, Gates, and the Fund. He brought § 1983 claims against each defendant for violating his Eighth Amendment rights through their deliberate indifference to his medical needs.[2] Pruitt's claim against Gates arose from her approval of the prison's response to his health grievance.[3] Pruitt's grievance raised issues about the treatment of his foot injury, and Gates's response decided against intervention. As to the Fund, Pruitt's claim was based on its denial of insurance benefits. The district court dismissed the claims against all defendants, but granted

---

[1]     Pruitt alleges that the "Fund provided a worker[s'] compensation insurance policy to [him] and other workers at California State Prison - Sacramento."

[2]     Pruitt brought additional state law claims against the Fund. Because he does not challenge the district court's dismissal of the state law claims or the § 1983 claim against Lynch on appeal, those claims are forfeited, and we do not reach them. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997).

[3]     Gates is the Chief of the Health Care Correspondence and Appeals Branch, Policy and Risk Management Services.

Pruitt leave to amend his claims against Dr. Bobbala and Dr. Arya ("Physicians"). Pruitt filed a first amended complaint and raised several allegations against the Physicians, including that they failed to timely schedule his surgery. The district court dismissed all claims against the Physicians without further leave to amend.

We review the district court's dismissal for failure to state a claim de novo, *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011), and denial of leave to amend for abuse of discretion, *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse and remand in part.

1.      Pruitt failed to sufficiently allege claims against the Fund and Gates. To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962–63 (9th Cir. 2016) (quoting *Turner v. City & County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)). To state a claim under § 1983, a plaintiff must allege (1) the "violation of a right secured by the Constitution and laws of the United States" and (2) that "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). And to establish an Eighth Amendment violation "based on prison medical treatment," the

plaintiff must show two elements: (1) a serious medical need[4] and (2) deliberate indifference to such need. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

First, Pruitt fails to plausibly allege that the Fund's denial of insurance benefits is the kind of "sufficiently serious" deprivation that constitutes an Eighth Amendment violation. *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (explaining deprivation is sufficiently serious when it causes "the denial of the minimal civilized measure of life's necessities" (quoting *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009))).

Second, Pruitt fails to sufficiently allege facts showing that Gates was deliberately indifferent to his medical needs. A prison administrator can be liable for deliberate indifference to an incarcerated person's medical needs if she "knowingly fail[s] to respond to [their] requests for help." *Jett*, 439 F.3d at 1098. But Pruitt has not alleged that Gates was aware of a serious medical risk to Pruitt's health when she signed off on the headquarters-level health grievance response on November 25, 2019. *See Peralta v. Dillard*, 744 F.3d 1076, 1086–87 (9th Cir. 2014) (en banc) (finding that prison administrator who signed off on a health grievance appeal did not knowingly fail to respond when he had no awareness of serious medical risk to the plaintiff's health).

---

[4] The parties do not dispute that Pruitt sufficiently alleges a serious medical need.

4

2. The district court did not abuse its discretion when it denied Pruitt leave to amend his claims against the Fund and Gates. A district court may deny leave to amend if "a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). For Pruitt's claim against the Fund, amendment cannot cure the fact that a denial of insurance benefits does not amount to an Eighth Amendment violation. And as to the claim against Gates, Pruitt failed to identify any new allegations he would add against Gates and stated that the new evidence produced by defendants revealed nothing further about Gates's involvement. The district court reasonably concluded that amendment to either of the claims would be futile.

3. Pruitt sufficiently alleged a § 1983 claim against the Physicians. Because the parties do not dispute that the Physicians qualify as people "acting under color of state law," *West*, 487 U.S. at 48, and the parties do not dispute that Pruitt alleges a serious medical need, the only remaining issue is whether Pruitt sufficiently alleged that the Physicians acted with deliberate indifference to such need, *Jett*, 439 F.3d at 1096. Pruitt alleges that the Physicians failed to timely provide him with surgery after receiving an order from an outside specialist in January 2020. The specialist, who had examined Pruitt's injury on multiple prior occasions, recommended that Pruitt receive surgery "as soon as may be set up." But despite

5

having knowledge of Pruitt's urgent need for surgery, the Physicians delayed Pruitt's surgery for eleven months. These allegations are sufficient to show that the Physicians were deliberately indifferent because they "kn[ew] of and disregard[ed] an excessive risk to [Pruitt's] health." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)); *see also Jett*, 439 F.3d at 1096–97 (holding that a jury could find deliberate indifference if doctor delayed orthopedic consultation for six months despite knowing about the plaintiff's need to have fractured thumb set and cast).

Dr. Bobbala argues that an excerpt from Pruitt's medical records referenced in the complaint prevents Pruitt from alleging a plausible Eighth Amendment violation. The excerpt notes that "[s]cheduling of the surgery was delayed due to COVID-19 restrictions in movement and cancellation of elective surgeries" and that surgery "needs to be scheduled." But "constru[ing] the pleadings in the light most favorable to the nonmoving party," *Knievel*, 393 F.3d at 1072, Pruitt has alleged enough facts "to state a claim to relief that is plausible on its face," *Ebner*, 838 F.3d at 962–63. After January 2020, Pruitt's surgery was medically necessary, not elective. And because the complaint does not indicate when this statement was recorded, when the COVID-19 restrictions were implemented, or how long they were in place, it is unclear that the restrictions justified the delay.

We thus affirm the district court's dismissal of Pruitt's claims against the Fund

6

and Gates without leave to amend and reverse the district court's dismissal of Pruitt's claim against the Physicians.

**AFFIRMED in part, REVERSED AND REMANDED in part.[5]**

---

[5]   The parties will bear their own costs.