17-2504-cv
*Jessani v. Monini North America*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> AMALYA L. KEARSE,
> DENNY CHIN,
> *Circuit Judges*.

_____

VINAY JESSANI and WENDY BURNETT, individually, and on behalf of all others similarity situated,

     *Plaintiffs-Appellants*,

     v.                 No. 17-2504-cv

MONINI NORTH AMERICA, INC.,

     *Defendant-Appellee*.

_____

For Plaintiffs-Appellants:         JOSHUA D. ARISOHN, Bursor & Fisher, P.A., New York, NY.

For Defendant-Appellee:         JEFFREY WARSHAFSKY (Lawrence I. Weinstein, *on the brief*), Proskauer Rose LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs in this putative class action, Vinay Jessani and Wendy Burnett, appeal from a judgment entered in favor of defendant Monini North America, Inc. ("Monini") on August 8, 2017. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's decision on a motion to dismiss, "accepting all factual allegations as true and drawing all reasonable inferences in [plaintiffs'] favor." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013). To satisfy the pleading requirements of Fed. R. Civ. P. 8(a), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Plaintiffs here argue that "whether a reasonable consumer is likely to be misled by a labeling claim is almost always an issue of fact that is inappropriate for decision on a motion to dismiss." Appellants' Br. at 6. But it is "well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). Accordingly, plaintiffs must do more than plausibly allege that a "label might conceivably be misunderstood by some few consumers." *Ebner v. Fresh Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (internal quotation marks

omitted). Plaintiffs must plausibly allege "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (internal quotation marks omitted). Plaintiffs' own allegations in this case preclude us from reaching such a conclusion.

According to plaintiffs, truffles are the most expensive food in the world. Appellants' App. at 12 ("The rarity of truffles has made them—at thousands of dollars per pound for Italy's prized white truffles—the most expensive food in the world."); *see also id.* ("In 2007, a Macau casino owner set a record by paying $330,000 for a 3.3-pound truffle unearthed in Tuscany."). Unlike artificial truffle flavoring—which plaintiffs describe as "a distant cry from…real truffles," *id.*— "actual truffles cost hundreds or even thousands of dollars per ounce," *id.* at 13. Moreover, real truffles are highly perishable (a real truffle begins "to lose its flavor as soon as it is pulled from the ground"), "seasonal," and "impossible to mass produce." *Id.* at 12. In this context, representations that otherwise might be ambiguous and misleading are not: it is simply not plausible that a significant portion of the general consuming public acting reasonably would conclude that Monini's mass produced, modestly-priced[1] olive oil was made with "the most expensive food in the world." *Id.* This is particularly so given that the product's ingredient list contains no reference to the word "truffle" and the primary label describes the product only as being "Truffle Flavored." Accordingly, plaintiffs' state law consumer protection claims fail.[2]

---

[1] Although plaintiffs conveniently omit from their complaint the amount of money plaintiffs paid for Monini's olive oil, defendants represent that a bottle sells for $11.95 at the store Jessani frequented, and, at most, plaintiffs spent $20.95.

[2] Plaintiffs' claims for breach of warranty, negligent misrepresentation, fraud, and unjust enrichment fail for the reasons stated by the district court.

We have considered all of plaintiffs' other contentions on appeal and have found in them no basis for reversal. Thus, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk