NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 7 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL PRESTON; PENELOPE
TURGEON, individually and on behalf of
all others similarly situated,

No.   18-56023

D.C. No. 2:18-cv-00038-R-JC

          Plaintiffs-Appellants,

  v.

MEMORANDUM*

AMERICAN HONDA MOTOR
COMPANY, INC.,

          Defendant-Appellee.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 6, 2019
Seattle, Washington

Before:  RAWLINSON, BEA, and NGUYEN, Circuit Judges.

     Michael Preston and Penelope Turgeon appeal the district court's dismissal

of their amended complaint for failure to state a claim against American Honda

Motor Company.  We have jurisdiction under 28 U.S.C. § 1291.  *See Cooper v.

Ramos*, 704 F.3d 772, 776–77 (9th Cir. 2012).  Reviewing de novo, *see Davidson*

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018), we affirm in part, reverse in part, and remand.

Plaintiffs allege that Honda engaged in both "unfair and deceptive conduct," but the essence of their claim is a "failure to disclose what [Honda] ought to disclose," which "is as much a fraud at law as an affirmative false representation." *DeLuna v. Burciaga*, 857 N.E.2d 229, 234 (Ill. 2006). "Because the Supreme Court of [Illinois] has held that nondisclosure is a claim for misrepresentation in a cause of action for fraud, it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)" in a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009).

The district court correctly dismissed the amended complaint because plaintiffs did not "allege that they read or relied on the Monroney stickers or any other pre-sale communication before purchasing their vehicles." "[T]o maintain an action under the [ICFA], the plaintiff must actually be deceived by a statement or omission that is made by the defendant. If a consumer has neither seen nor heard any such statement, then she cannot have relied on the statement and, consequently, cannot prove proximate cause." *De Bouse v. Bayer*, 922 N.E.2d 309, 316 (Ill. 2009).

The district court abused its discretion, however, by denying leave to amend. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016) ("[L]eave to amend should be 'freely' given . . . ." (quoting Fed. R. Civ. P. 15(a)(2))).  Because it is not clear that amendment would have been futile, plaintiffs should have been granted leave to amend.  *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

Each side to bear its own costs.