NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NICHOLAS RAZO, on behalf of himself and all others similarly situated, | No. 17-56770 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00630-MWF-MRW |
| v. | |
| ASHLEY FURNITURE INDUSTRIES, INC., a Wisconsin corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted October 24, 2019**
Pasadena, California

Before: CALLAHAN, OWENS, and R. NELSON, Circuit Judges.

Nicholas Razo appeals from the district court's summary judgment in favor

of defendant Ashley Furniture Industries, Inc. ("Ashley") in his class action under

California's Consumer Legal Remedies Act, Unfair Competition Law, and False

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Advertising Law. We review de novo a district court's decision to grant summary judgment. *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 773 (9th Cir. 2018). As the parties are familiar with the facts, we do not recount them here. We affirm.

The "reasonable consumer" test, which governs Razo's claims, *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016), requires him to demonstrate that "members of the public are likely to be deceived" by Ashley's representations about DuraBlend furniture. *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (quotation omitted).

A defendant's allegedly deceptive representations must be viewed "reasonably and in context" to determine whether the material as a whole is misleading. *Id.* at 290. Under this rule, this court presumes that consumers will read "qualifying language [that] appears immediately next to the representations it qualifies." *Id.* at 289. However, consumers are not required to "look beyond misleading representations on the front of the [tag] to discover the truth . . . in small print on the side of the [tag]." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008).

The district court properly granted summary judgment on Razo's claims because a reasonable consumer would have read the unambiguous and truthful disclosures placed on the front and back of Ashley's DuraBlend hangtag. Neither of these disclosures is "hidden or unreadably small." *Freeman*, 68 F.3d at 289.

Indeed, the disclosure on the front of the hangtag appears "immediately next to" a list of DuraBlend's features. *Id.* A reasonable consumer reading that list of features would also read those disclosures and discover that DuraBlend is not genuine leather.

Furthermore, the hangtag's disclosures were truthful and not deceptive. Both disclosures truthfully state that DuraBlend (unlike other imitation products) "contains . . . leather" without deceptively suggesting that DuraBlend contains intact animal hides like genuine leather. The DuraBlend hangtag explicitly states that DuraBlend is not and should not be represented as 100% leather. No consumer, reading this disclosure reasonably and in context, would conclude that DuraBlend is genuine leather.

The district court also correctly held that Ashley was not responsible for representations made by the Casa Linda salesperson about DuraBlend. Claims under California consumer protection law "cannot be predicated on vicarious liability." *Perfect 10, Inc. v. Visa Int'l Serv., Ass'n*, 494 F.3d 788, 808 (9th Cir. 2007) (citation omitted). Instead, Razo must prove Ashley's "personal participation in the unlawful practices and unbridled control" over those deceptive practices. *Id.* (citation omitted).

Despite this difficult standard, Razo cited no evidence in his opposition to summary judgment that would suggest Ashley exercised control over Casa Linda.

A district court on summary judgment need not "search the entire record for a genuine issue of fact" when the nonmoving party has failed to identify said evidence in opposition. *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029–31 (9th Cir. 2001). Based on the evidence before it, the district court properly declined to hold Ashley responsible for the actions of Casa Linda's employees.

In sum, Razo failed to raise a genuine dispute that Ashley's representations about DuraBlend would likely deceive a reasonable consumer into believing that DuraBlend is made of genuine leather. The district court therefore correctly granted summary judgment in favor of Ashley.

**AFFIRMED**.