NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAUL ORSHAN; et al.,

Plaintiffs-Appellants,

v.

APPLE INC.,

Defendant-Appellee.

No. 18-17329

D.C. No. 5:14-cv-05659-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted April 17, 2020[**]
San Francisco, California

Before: BERZON and IKUTA, Circuit Judges, and LEMELLE,[***] District Judge.

Plaintiffs allege that Apple's representations and omissions as to the storage

capacities of its devices misled consumers in violation of California's Unfair

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Ivan L.R. Lemelle, United States District Judge for the Eastern District of Louisiana, sitting by designation.

Competition Law ("UCL"), Cal. Bus. Prof. Code § 17200 et eq., its False Advertising Law ("FAL"), *id.* § 17500 et seq., and its Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code. § 1750 et seq. The district court dismissed Plaintiffs' claims. We reverse the dismissal in part and remand for further proceedings.

1. Claims under the California consumer protection statutes here at issue are governed by a "reasonable consumer" standard. *Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019). To prevail, plaintiffs must show that "a significant portion of the general consuming public or of targeted consumers, acting reasonably under the circumstances, could be misled." *Lavie v. Proctor & Gamble Co.*, 129 Cal. Rptr. 2d 486, 495 (Ct. App. 2003). Whether a particular business practice could mislead reasonable consumers is usually a question of fact for the jury, and resolution of that question on a motion to dismiss is "rare." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939 (9th Cir. 2008).

Plaintiffs' theory that they expected to be able to use the full 16 GB of advertised storage capacity and their alternative theory—that they did not expect to be denied for their own use the 18.1-21.3% of the 16 GB storage capacity that is estimated to be unavailable—are not resolvable at the pleading stage. Consumers with a wide range of technological needs and varying degrees of technological sophistication purchase Apple's products. It is not possible to determine without

2

factual development whether it is reasonable for iPhone and iPad consumers to have expected that they would not be denied use of such a substantial portion of the advertised storage capacity, nor is it clear whether, if reasonable, such expectations are shared by a "significant portion of the general consuming public." *Lavie*, 129 Cal. Rptr. 2d at 495.

Apple's "actual formatted capacity less" disclaimer does not alter this analysis. We have previously held that an otherwise deceptive representation is not dispelled by the inclusion of fine print providing additional disclosures. *Williams*, 552 F.3d at 939. Moreover, "less" does not say how much less, and so gives rise a second inquiry—whether a reasonable consumer who does read the disclaimer would contemplate "less" to be as much as the approximately 20% decrease here alleged.

Nor does *Ebner v. Fresh, Inc.* resolve the case in Apple's favor. 838 F.3d 958 (9th Cir. 2016). There, we dismissed California consumer protection claims without discovery where plaintiffs alleged that only 75% of the advertised net weight of lip balm could be accessed through the ordinary use of the dispenser tube in which the lip balm was sold. *Id.* at 965-66. But the court there emphasized ~~that~~ "[a] rational consumer would not simply assume that the tube contains no further product when he or she can plainly see the surface of the bullet," and the remaining 25% could be accessed, albeit not in the usual way. *Id.* Here, by contrast, we are

3

unable to conclude, at this stage, whether a reasonable consumer would expect that around 20% of a device's advertised storage capacity would be inaccessible, and the unavailable storage capacity cannot be accessed, the complaint alleges, without forgoing Apple's warranties on the product.

2. The district court held that Plaintiffs' alternative theory of deception failed to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). We disagree.

Rule 9(b) requires plaintiffs with claims sounding in fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The allegations "must be specific enough to give the defendants notice of the particular misconduct which is alleged to constitute the fraud charged." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

The complaint here furnishes ample notice of the conduct challenged as deceptive: Apple's representation that its devices offered 16 GB of storage capacity, together with its "actual formatted capacity less" disclaimer, and, additionally, its alleged failure to disclose that the iOS 8 upgrade would consume storage capacity that had previously been available.

**REVERSED AND REMANDED.**

4