NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID OTTO SCHWAKE, Plaintiff-Appellant, v. ARIZONA BOARD OF REGENTS; MICHAEL M. CROW; KEVIN COOK; NOREAN SABLAN; RON HICKS; GREGORY CASTLE; THOMAS SEAGER, Defendants-Appellees. | No. 18-15725 D.C. No. 2:15-cv-00696-SPL MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted March 5, 2020
San Francisco, California

Before: WARDLAW, M. SMITH, and BUMATAY, Circuit Judges.

David Otto Schwake appeals the district court's order and judgment dismissing with prejudice the claims he raised pursuant to 42 U.S.C. § 1983 and Title IX, 20 U.S.C. § 1681(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse the dismissal of the Title IX claim in a concurrently filed opinion. Here,

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

we address the district court's dismissal of the § 1983 claims pursuant to the judicial doctrine of qualified immunity. "We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6), accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016) (citation and quotation marks omitted). We affirm.

"Qualified immunity shields government officials from civil liability unless a plaintiff establishes that: (1) the official violated a constitutional right; and (2) that right was 'clearly established' at the time of the challenged conduct, such that 'every reasonable official' would have understood that what he is doing violates that right." *Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017) (quoting *Ashcroft v. al-Kidd*, 536 U.S. 731, 735, 741 (2011)). "We may 'exercise [our] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first.'" *Horton v. City of Santa Maria*, 915 F.3d 592, 599 (9th Cir. 2019) (quoting *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). "When, as here, defendants assert qualified immunity in a motion to dismiss under Rule 12(b)(6), 'dismissal is not appropriate unless we can determine, based on the complaint itself, that qualified immunity applies.'" *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016) (quoting *Groten v. Cal.*, 251 F.3d 844, 851 (9th Cir. 2001)).

1.    The district court properly dismissed, pursuant to the doctrine of

qualified immunity, the § 1983 claims for procedural due process violations against Defendants Norean Sablan, Thomas Seager, Gregory Castle, and Ron Hicks.[1]

To proceed on a procedural due process claim, a plaintiff must identify a protected property or liberty interest. *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014). Schwake failed to do so.

Schwake asserted a property interest in his education and lab access, but he failed to identify any basis pursuant to Arizona law that recognizes a property interest in either. *See Goss v. Lopez*, 419 U.S. 565, 573 (1975) (concluding that "on the basis of state law, appellees plainly had legitimate claims of entitlement to a public education"); *Wynar v. Douglas Cty. Sch. Dist.*, 728 F.3d 1062, 1072 (9th Cir. 2013) (same). Nor did Schwake allege that any "contract entitled him to [a] specific right that the university allegedly took" from him. *Doe v. Purdue Univ.*, 928 F.3d 652, 660 (7th Cir. 2019). Schwake also failed to identify any basis pursuant to Arizona law which would show that he had a legitimate claim of entitlement to the two- to three-year postdoctoral work opportunity that he allegedly lost. *See Guillen-Cervantes*, 748 F.3d at 872. Thus, Schwake did not allege a protected property interest.

---

[1] Schwake named these defendants in their individual and official capacities. However, a § 1983 damages action does not lie against these defendants in their official capacities because state officials acting in their official capacity are not "persons" for the purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Schwake also failed to identify a protected liberty interest. Assuming *arguendo* that the stigma-plus test applies to university disciplinary proceedings, Schwake's allegations do not show that any stigmatizing statements that university officials made about him "effectively exclude[d] [him] completely from [his] chosen profession." *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917, 925 (9th Cir. 2013). The campus access restriction and prohibition on holding paid or volunteer positions at the university could not plausibly exclude Schwake from his chosen field. *See id.* at 926 (concluding that the plaintiff "has not alleged an unconstitutional deprivation of liberty" when she was allegedly "barred from employment with one division of the state government"). Schwake's allegations about a "time gap in his ability to research," disrupted experiments, loss of funding and publication opportunities, and possible "blacklist[ing]" from future jobs are also insufficient. *Id.* at 925 ("'[R]educed economic returns and diminished prestige, but not permanent exclusion from, or protracted interruption of, gainful employment within the trade or profession' do not constitute a deprivation of liberty." (citation omitted)). Because Schwake failed to allege a protected property or liberty interest, he did not allege violations of his procedural due process rights and, thus, the Defendants are entitled to qualified immunity on these claims.

2. The district court also properly dismissed the § 1983 claims against Defendants Sablan, Seager, Castle, and Hicks concerning alleged violations of a

4

claimed right to informational privacy.

A constitutional right must be "sufficiently definite [such] that any reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014). This "inquiry must be undertaken in light of the *specific context of the case*, not as a broad general proposition." *Horton*, 915 F.3d at 600 (emphasis added) (citation and internal quotation marks omitted). Schwake failed to identify any law that clearly established a right to informational privacy in the context of university disciplinary proceedings.[2] The Defendants are therefore entitled to qualified immunity for alleged violations of that right in this context.

**AFFIRMED IN PART.**

---

[2] Schwake relied on cases concerning a statutory exemption pursuant to the Freedom of Information Act. *See Cochran v. United States*, 770 F.2d 949, 956 (11th Cir. 1985); *Stern v. FBI*, 737 F.2d 84, 91 (D.C. Cir. 1984); *Chang v. Dep't of the Navy*, 314 F. Supp. 2d 35, 42 (D.D.C. 2004). These cases do not establish a constitutional due process right in the university disciplinary proceedings context and are, therefore, of no help.