NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN FAUSTINO, | No. 15-56892 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-04145 |
| v. | |
| ALCON LABORATORIES, INC. (a division of NOVARTIS AG), | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary Klausner, District Judge, Presiding

Submitted June 7, 2017**
Pasadena, California

Before: THOMAS, Chief Judge, REINHARDT, Circuit Judge, and KORMAN,***
District Judge.

Susan Faustino appeals the dismissal with prejudice of her first amended

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9TH CIR. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

\*\*\* The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

1

complaint against Alcon Laboratories. In summary, Faustino's complaint alleged that when she used eye drops manufactured by Alcon, she immediately suffered intense pain in her eyes, and that this event caused her lasting discomfort. Based on this experience, the complaint alleged a products liability claim, among other causes of action. Nevertheless, it is devoid of specific allegations about what was wrong with the eye drops, how they caused this injury, or what Alcon did wrong. Consequently, the district court properly dismissed the first amended complaint with prejudice. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted)). It also properly denied Faustino's motion for reconsideration, because the proposed second amended complaint attached to that motion did not cure the problems with the first. *See* Fed. R. Civ. P. 59(e); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.").

Faustino argues that the district court should have inferred that her injuries were "caused by a product defect existing at the time of sale or distribution," because

"the incident that harmed [her]: (a) was of a kind that ordinarily occurs as a result of product defect; and (b) was not, in the particular case, solely the result of causes other than product defect existing at the time of sale or distribution."  Restatement (Third) of Torts: Prod. Liab. § 3 (1998).  The inference described by the Restatement may be appropriate "when the product unit involved in the harm-causing incident is lost or destroyed in the accident," such that "direct evidence of specific defect may not be available."  Restatement (Third) of Torts: Prod. Liab. § 3, cmt. b (1998).  Under those circumstances, such an inference "may offer the plaintiff the only fair opportunity to recover." *Id.*  Nevertheless, Faustino did not allege, in either her first amended complaint or her proposed second amended complaint, that the remaining eye drops or the vial were lost or destroyed in the accident.  Her complaint therefore did not allege facts sufficient to invoke the principle set forth in the Restatement.

**AFFIRMED.**