NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIANA KING; SAVANA KING, By and through her Guardian Ad Litem, Diana King, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SELECT COMFORT CORPORATION; SLEEP NUMBER CORPORATION, <br><br> Defendants-Appellees. | No.  19-56446 <br><br> D.C. No. 5:19-cv-01362-CJC-SHK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted October 5, 2020[**]
Pasadena, California

Before:  M. SMITH and OWENS, Circuit Judges, and CARDONE,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Diana King and her daughter Savana King (collectively, the "Kings") appeal from the dismissal with prejudice of their product liability claims against Select Comfort Corp. ("Select Comfort"). We review de novo a district court's dismissal for failure to state a claim. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). We review for abuse of discretion the denial of leave to amend a complaint. *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 545 (9th Cir. 2019). As the parties are familiar with the facts, we do not recount them here. We affirm.

1.      Under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Specifically, the Kings needed to plausibly allege that their bed was defectively designed, defectively manufactured, or sold without sufficient warnings about its potential for harm, and that this defect caused their injuries. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1144–45 (9th Cir. 2012); *Faustino v. Alcon Labs., Inc.*, No. CV 15-04145 RGK (AJWx), 2015 WL 12839161, at *4 (C.D. Cal. Sept. 22, 2015), *aff'd sub nom. Faustino v. Alcon Labs., Inc.*, 692 F. App'x 819 (9th Cir. 2017). The Kings' complaint, in contrast, alleges only that they purchased a bed in December 2001, and that they discovered mold in the bed in January 2017. These allegations raise two possible explanations: that the mold developed because of a defect, or that the mold grew

naturally.

To make their preferred explanation—a product defect—not just possible, but plausible, the Kings needed to allege "facts tending to exclude the possibility that the alternative explanation is true." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013). While the Kings allege that they kept their home "in a safe and immaculate condition," this does not exclude the possibility that mold developed naturally because mold can develop naturally even in a well-maintained home. In light of the fifteen-year gap between the purchase of the bed and the discovery of mold, the Kings have not plausibly alleged that the mold was caused by a design or manufacturing defect. The district court properly dismissed their complaint.

2. The district court also acted within its discretion when it denied leave to amend. While courts should give leave to amend a complaint where justice so requires, a court may deny such leave in light of the plaintiffs' "repeated failure to cure deficiencies by amendments previously allowed" or if amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) (citation omitted). Here, the Kings filed a total of three complaints and a notice of errata, none of which identified how the Kings' bed was defective, how that defect could have caused mold to develop fifteen years after purchase, or why the mold could not have developed naturally through ordinary

19-56446

use of the bed.  Because the Kings repeatedly failed to cure the deficiencies in their complaint, the district court did not abuse its discretion when it concluded that amendment would be futile and dismissed the complaint with prejudice. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016).

**AFFIRMED**.