**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CONNIE CHONG, individually and on behalf of all similarly situated,

Appellant,

v.

NESTLÉ WATER NORTH AMERICA, INC.; DOES 1 through 10,

Appellees.

No.    20-56373

D.C. No.
2:19-CV-10901-DMG-KS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted October 20, 2021[**]
Pasadena, California

Before: CALLAHAN and FORREST, Circuit Judges, and AMON,[***] District Judge.

Connie Chong, individually and on behalf of all others similarly situated,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

appeals the district court's order dismissing her statutory claims, which alleged that Nestlé Waters North America ("Nestlé") violated various California consumer protection laws in connection with its labeling of Arrowhead Brand water, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court also dismissed Chong's purported standalone claim of unjust enrichment. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's dismissal de novo, *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019), we affirm.

**1.** Chong argues that the district court erred in dismissing her claims under California's Unfair Competition Law ("UCL"), False and Misleading Advertising Law ("FAL"), and the California Legal Remedies Act ("CLRA") by finding that a "reasonable consumer" would not be misled by the Arrowhead labels. Under the "reasonable consumer" standard, plaintiffs must demonstrate that "members of the public are likely to be deceived," which "requires more than a mere possibility that [a] label 'might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (first quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008); and then quoting *Lavie v. Procter & Gamble Co.*, 129 Cal. Rptr. 2d 486, 495 (Ct. App. 2003)).

In sum, Chong argues that the district court did not properly credit her

2

allegation that she believed the mountain printed on the front of the Arrowhead label to be "Arrowhead Mountain," and on the basis of that belief, determined that "NESTLÉ Product was [sourced exclusively] from the springs in the arrowhead mountain." We reject Chong's argument. The district court properly accepted as true that Chong believed that the mountain on the front of the labels was "Arrowhead Mountain," but upon reviewing the labels submitted for judicial notice by Nestlé, determined that there was not "any indication that the image of the mountain and lake refer to any specific mountain or lake, but rather to the true statement that Arrowhead Water is comprised entirely of mountain spring water." The court was correct to find that this case "presents the rare case where this Court may conclude on the pleadings that no reasonable consumer would be misled by any of the product labels at issue in this suit."

**2.** Chong also argued that Nestlé violated the UCL by virtue of "bare technical violation[s]" of state and federal law, which can serve as predicate offenses under the UCL's "unlawful" conduct prong. This, too, is unpersuasive. The district court properly found that Chong had not sufficiently alleged any violations of state or federal law that could serve as predicate violations under the UCL "unlawful" conduct prong.

**3.** Finally, the district court was correct to dismiss Chong's unjust enrichment claim. Even assuming she did not waive this claim, it fails on the

3

merits. Restitution under an unjust enrichment theory is only required if "it is unjust" for the benefiting party to retain that benefit. *Ghirardo v. Antonioli*, 924 P.2d 996, 1003 (Cal. 1996) (quoting Restatement of Restitution § 1 cmt. C (Am. L. Inst. 1937)). Chong has not alleged a violation of the UCL, FAL, or CLRA, and has not otherwise pointed to any reason why it would be "unjust" for Nestlé to retain any proceeds from the sale of Arrowhead Water. As a result, her unjust enrichment claim was properly dismissed.

**AFFIRMED.**

4