**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOLLY BROWN; et al.,

        Plaintiffs-Appellants,

v.

MADISON REED, INC.,

        Defendant-Appellee.

No.   22-16415

D.C. No. 3:21-cv-01233-WHO

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted December 6, 2023
San Francisco, California

Before:  S.R. THOMAS, BRESS, and JOHNSTONE, Circuit Judges.

Plaintiffs-Appellants Molly Brown, Keppie Moore, and Audrey Sheffler

appeal a district court's dismissal of their putative class action against Defendant-

Appellee Madison Reed, Inc.  Because at least one named plaintiff is diverse from

defendants, we have jurisdiction under 28 U.S.C. § 1332(d)(2).  We **AFFIRM** the

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

district court's dismissal of all claims. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

We review de novo motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1141 (9th Cir. 2021). "We may affirm the district court's dismissal of the complaint on any basis supported by the record." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839 (9th Cir. 2020). "Dismissal is appropriate if the plaintiff has not 'allege[d] enough facts to state a claim to relief that is plausible on its face.'" *Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228 (9th Cir. 2019) (alteration in original) (quoting *Turner v. City & Cty. of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015)).

Each plaintiff advances claims under three California consumer protection statutes: the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750–1784, the False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500–17509, and the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200–17210. As plaintiffs' claims under the CLRA, FAL, and UCL all sound in fraud, they must plead them with particularity. *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1016, 1019–20 (9th Cir. 2020); Fed. R. Civ. P. 9(b). Under the CLRA, FAL, and UCL's reasonable consumer test, plaintiffs must

"show that 'members of the public are likely to be deceived.'" *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). "[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882–83 (9th Cir. 2021) (quoting *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 477 (7th Cir. 2020)).

I

The district court did not err in dismissing Moore's claims. Moore argues that Madison Reed's radiant hair Color Kit ("Color Kit") label statement that its product was "Free of" ammonia, resorcinol, and PPD was misleading, because although true, the replacement ingredients were less safe.

Moore admits that the statements on the front of the packaging were true and that the list of ingredients on the back of the package was also accurate. She argues that the statement on the front packaging that the product was "free of" specified ingredients implies something material about their replacements. However, the statements on the label were accurate, and there were "no other words, pictures, or diagrams adorning the packaging . . . from which *any* inference could be drawn or on which *any* reasonable belief could be based." *Ebner v.*

3

*Fresh, Inc.*, 838 F.3d 958, 966 (9th Cir. 2016). Therefore, there was no actionable misrepresentation. *Id.*[1] Any ambiguity arising from the "Free of" statement on the package front "can be resolved by reference to the back label." *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023).

II

The district court did not err in dismissing Brown's claims. She alleges that the statements on the label and Madison Reed's website were deceptive. The district court properly concluded that the applicable statute of limitations barred many of her claims and that other claims failed under a Rule 9(b) analysis. Brown does not challenge those rulings on appeal.

The district court properly determined that the remaining claims failed because the referenced statements were either accurate or puffery. To the extent Brown's misrepresentation claims rely on the Color Kits' labeling, those claims were appropriately dismissed for the same reasons as Moore's were.

As to the statements on the website, the statement that the product was "Ammonia-Free" was accurate. The remaining statements that the product was "Salon Gorgeous," "Salon Quality," and had "Ingredients with Integrity," are not

---

[1] Because the Color Kit packaging disclosed the ingredients that replaced ammonia, resorcinol, and PPD, the products also did not deceptively omit material information. *See Hodsdon v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018).

4

misrepresentations, but rather nonactionable puffery. *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1053 (9th Cir. 2008) ("[W]hether an alleged misrepresentation 'is a statement of fact' or is instead 'mere puffery' is a legal question that may be resolved on a Rule 12(b)(6) motion." (quoting *Cook, Perkiss & Liehe v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 245 (9th Cir. 1990))); *Newcal*, 513 F.3d at 1053 (statements that are "quantifiable" or refer to "specific or absolute characteristics" are actionable misrepresentations, but "general, subjective" claims are puffery). Here, references to "Salon" or "Integrity," without more, are abstract and do not suggest anything about Madison Reed's product safety. *Newcal*, 513 F.3d at 1053 (the statement that a company's contracts promised "flexibility" is puffery).

## III

The district court concluded that Sheffler could not assert claims under California law. Sheffler does not challenge or rebut this determination on appeal, so her claims are forfeited. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

## IV

Given our resolution of the issues, we need not—and do not—decide any other issues raised on appeal by the parties.

**AFFIRMED.**