**NOT FOR PUBLICATION**

**FILED**

MAY 16 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES GRAY; SCOTT HORTON, | No. 23-35377 |
| Plaintiffs-Appellants, | D.C. No. 2:22-cv-00800-BJR |
| v. | |
| AMAZON.COM INC, a Delaware corporation; AMAZON.COM SERVICES LLC, a Washington limited liability company, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted May 7, 2024[**]
Pasadena, California

Before: FORREST and BUMATAY, Circuit Judges, and DONATO,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

Plaintiffs James Gray and Scott Horton are owners and users of Alexa-enabled devices. They alleged that Amazon.com, Inc. and Amazon.com Services LLC (together, Amazon) misrepresented its practices with respect to the use of Alexa voice recordings for advertising purposes. They sued Amazon, asserting claims for: (1) breach of the implied covenant of good faith and fair dealing; (2) violation of the Washington Consumer Protection Act (WCPA), Wash. Rev. Code § 19.86 et seq.; (3) invasion of privacy – intrusion on seclusion; and (4) infringement of personality rights under the Washington Personality Rights Act (WPRA), Wash. Rev. Code § 63.60.010 et seq.

The district court dismissed the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in a separate order, denied plaintiffs' motion for leave to file an amended complaint. Gray and Horton appeal both orders.

We review *de novo* a district court's dismissal of a complaint under Rule 12(b)(6) for failure to state a claim, accepting all factual allegations in the complaint as true and construing them in the light most favorable to plaintiffs. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016). The district court's denial of leave to amend is reviewed for an abuse of discretion. *Id*. at 963. Leave to amend should be granted unless the district court "determines that the pleading could not possibly be cured by the allegation of other facts." *Unified Data Servs., LLC v. FTC*, 39 F.4th 1200, 1208 (9th Cir. 2022) (quoting *Watison v. Carter*, 668

2

F.3d 1108, 1117 (9th Cir. 2012)).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     There was no error in the district court's contract interpretation. Plaintiffs do not challenge the district court's finding that they accepted and are bound by the Alexa Terms of Use, which expressly incorporated the Amazon.com Privacy Notice.  The district court correctly construed the relevant language in the Privacy Notice by "focusing on the objective manifestations of the agreement," "imput[ing] an intention corresponding to the reasonable meaning of the words used," and giving the words in the contract "their ordinary, usual, and popular meaning." *Hearst Commc'ns, Inc. v. Seattle Times Co.*, 154 Wash. 2d 493, 503–04 (2005) (en banc).  Plaintiffs contend that the district court should have considered Amazon's subsequent conduct and other extrinsic evidence, but "the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used," and courts "do not interpret what was intended to be written but what was written." *Id*. at 504.  The district court properly focused on "what was written," *id*., and there was no error in its conclusion that the Privacy Notice made sufficiently clear that voice data would be used for targeted advertising purposes.

2.     Because the district court's contract interpretation was correct, its dismissal of plaintiffs' good faith and fair dealing claim was also proper.  *See*

3

*Badgett v. Security State Bank*, 116 Wash. 2d 563, 569, 572 (1991) (en banc) ("The duty of good faith implied in every contract does not exist apart from the terms of the agreement," and it "requires only that the parties perform in good faith the obligations imposed by their agreement.").

3. Dismissal of the WCPA claim was proper because, applying the proper standard, the district court correctly concluded that plaintiffs had failed to plead causation. *See Schnall v. AT & T Wireless Servs., Inc.*, 171 Wash. 2d 260, 278 (2011) (en banc) (a WCPA plaintiff "must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury") (citation omitted). Plaintiffs did not allege that they had suffered any injury because of Amazon's disclosures in the Privacy Notice. And plaintiffs failed to allege any injury caused by Amazon's public statements that it was not using voice recordings for targeted advertising. As the district court correctly found, plaintiffs did not adequately allege causation for those statements because they made no allegations that they "viewed or heard any of those statements or were otherwise aware of them at the time they purchased their Alexa-enabled devices or at any time prior to the filing of this lawsuit."

4. Dismissal of the intrusion upon seclusion claim was also proper. As discussed, the district court correctly found that Amazon disclosed the relevant conduct in its Privacy Notice. Plaintiffs consequently lacked a "legitimate and

4

reasonable expectation of privacy." *Doe v. Gonzaga Univ.*, 143 Wash. 2d 687, 705–06 (2011) (en banc), *rev'd on other grounds*, *Gonzaga Univ. v. Doe*, 536 U.S. 273 (2002).

5.      The district court did not err by dismissing plaintiffs' claim under the WPRA, which prohibits the unauthorized "use" of an individual's "voice . . . on or in goods, merchandise, or products entered into commerce in this state, or for purposes of advertising products, merchandise, goods, or services[.]" Wash. Rev. Code § 63.60.050.

When interpreting a statute under Washington law, we must give effect to the plain meaning of the statute, as "discerned from the ordinary meaning of the language at issue, the context of the statute in which the provision is found, related provisions, and the statutory scheme as a whole." *In re Estate of Blessing*, 174 Wash. 2d 228, 231 (2012) (en banc) (citation omitted). The ordinary meaning of the statutory language prohibits the employment or appropriation of a person's distinctive voice to draw attention to a product to promote its sale. *See* Oxford English Dictionary (March 2024) ("voice"; "use"); Wash. Rev. Code § 63.60.020(5) ("'Likeness' means . . . the distinctive appearance, gestures, or mannerisms of an individual."); Black's Law Dictionary (11th ed. 2019) ("advertising"). And other provisions of the WPRA indicate that the statute is directed to misappropriating a person's voice in promotional content, *i.e.*,

5

advertising a product using a person's voice or likeness. *See, e.g.*, Wash. Rev. Code §§ 63.60.060(2), 63.60.070(4). That is not the type of conduct alleged by plaintiffs in this case.

Further, we do not "presume[] that the legislature intended to make any innovation on the common law without clearly manifesting such intent." *In re Parentage of L.B.*, 155 Wash. 2d 679, 695 n.11 (2005) (en banc) (citation omitted). There is no such intent expressed here, and the common law right of publicity protects voices, not utterances. *See Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1098–1100 (9th Cir. 1992), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014).

6.      The district court effectively provided plaintiffs a chance to amend because it carefully considered plaintiffs' proposed amended complaint and explained in detail why it was still deficient. The district court's denial of leave to amend was not an abuse of its broad discretion. *See Chodos v. W. Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Despite the court's prior order, plaintiffs' proposed amended complaint failed to allege that they had viewed, heard, or were aware of Amazon's allegedly deceptive public statements when they purchased their devices. The district court was thus correct to conclude that the proposed amendment was futile. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

6

**AFFIRMED.**[1]

---

[1] The pending motion for leave to file a brief as amicus curiae in support of plaintiffs-appellants (Docket Entry No. 17-1) is granted.