NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARREN MILLAM; DONALD
SPRINKEL, individually and on behalf of all
others situated,

          Plaintiffs-Appellants,

  v.

ENERGIZER BRANDS, LLC;
ENERGIZER HOLDINGS, INC.,

          Defendants-Appellees.

No.   23-55192

D.C. No. 5:21-cv-01500-JWH-SHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Submitted June 12, 2024[**]
Pasadena, California

Before:  W. FLETCHER, CHRISTEN, and VANDYKE, Circuit Judges.

On its packaging, Energizer claimed its AA MAX batteries are "up to 50%

longer lasting than basic alkaline in demanding devices." Plaintiffs sued under

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

California's consumer protection laws, alleging Energizer's advertising fraudulently exaggerated the performance of its AA MAX batteries. The district court dismissed Plaintiffs' claims. We have jurisdiction under 28 U.S.C. § 1291, and we "review a dismissal under Federal Rule of Civil Procedure 12(b)(6) de novo," *Ballinger v. City of Oakland*, 24 F.4th 1287, 1292 (9th Cir. 2022). We affirm.

1. Plaintiffs' fraud claims "are governed by the 'reasonable consumer' test," *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008), under which Plaintiffs must show that consumers "acting reasonably in the circumstances" "are likely to be deceived." *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) (quotation marks and citation omitted). "[U]nreasonable assumptions about a product's label will not suffice." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882 (9th Cir. 2021).

Plaintiffs in essence argue that a reasonable consumer would read Energizer's advertising to mean that AA MAX batteries usually or always last 50 percent longer than most or all batteries in most or all compatible devices. But that is not what the packaging says. Energizer claimed only that its batteries are "*up to* 50% longer lasting than *basic* alkaline in *demanding* devices" (emphasis added). Energizer thus promises only an upper limit of performance (a ceiling of 50%) compared to a certain category of competitors (basic alkaline batteries) in a subset of applications (demanding devices). It has not, as Plaintiffs allege, made a blanket promise that

AA MAX batteries will always last 50% longer than all (or even most) competitors in all (or even most) applications.

Plaintiffs argue these qualifiers do not cure the deception because they are vague and appear in smaller print on the packaging. We are unconvinced. First, "no reasonable reader could ignore" the qualifiers, which were not "hidden or unreadably small" and "appear[ed] immediately next to the representations [they] qualifie[d]." *Freeman*, 68 F.3d at 289.

Nor are the qualifying words so vague that an ordinary consumer could not understand them. *See Becerra v. Dr. Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1229 (9th Cir. 2019) (citing dictionary definitions). "Up to" means "to the point of; as far as or until," "as long as," and "as many as." Up to, *The American Heritage Dictionary of the English Language* (5th ed. 2011). "Basic" means "of, being, or serving as a starting point or basis." Basic, *The American Heritage Dictionary of the English Language* (5th ed. 2011). And "demanding" means "requiring much effort or attention." Demanding, *The American Heritage Dictionary of the English Language* (5th ed. 2011). These words are not particularly technical or difficult to understand, and though not exact, they cabin the scope of Energizer's claim in a way that renders Plaintiffs' reading of the advertising unreasonable. *See Trader Joe's*, 4 F.4th at 884 (front label matter "must represent *something* about the product").

3

2. Plaintiffs also rely on the results of battery testing and a consumer perception survey. But where, as here, "the advertisement itself ma[k]e[s] it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived," it is "not necessary to evaluate additional evidence regarding whether the advertising was deceptive." *Williams*, 552 F.3d at 938–39 (citation omitted); *see also Dr. Pepper*, 945 F.3d at 1231 (concluding a "survey d[id] not shift the prevailing reasonable understanding" of an advertising claim).

But even if the court did so, neither the battery test nor the consumer survey is sufficient to state a claim. The results of the battery testing are generally favorable to Energizer, not Plaintiffs. They demonstrate that AA MAX batteries performed the same or better than competitors in 40 of 42 tested applications. They also show that AA MAX batteries lasted up to 100 percent longer than its lowest quality competitors in devices Plaintiffs' expert calls "high drain."[1] Plaintiffs argue the results confirm that "Energizer's AA MAX did not last up to 50% longer than competing basic alkaline brands" in an overwhelming majority of the tests. But accepting that view of the evidence would require the court to ignore the qualifiers "up to" and "basic," which a reasonable consumer would not do for the reasons explained above.

---

[1] According to the same expert, "'high drain' generally refers to devices that draw a higher level of electric current from a battery." That definition is consistent with Energizer's use of the more colloquial phrase "demanding devices."

The consumer perception survey results fare no better because the survey tested the claim as it appeared on a 4-pack of AA MAX batteries while Plaintiffs rely on packaging for the AA MAX 48-pack. The two packages differ from one another in meaningful ways. For example, the qualifying statements appeared in different positions and in smaller text relative to the "50% longer lasting" phrase on the 4-pack when compared to their size and placement on the 48-pack, and foreign-language text on the tested 4-pack further separated the qualifying statements from the "50% longer lasting" phrase.

Plaintiffs criticize the district court's reliance on these formatting differences because in their view "there was no evidence these slight differences changed consumers' understanding of the claim." But that inverts the burden Plaintiffs face to plead particularized facts supporting their fraud claims. Moreover, this court has repeatedly noted that the entire context of the advertisement is relevant when deciding whether a reasonable consumer might be deceived.[2] Finally, it is Plaintiffs' burden to show that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Ebner*, 838 F.3d at 965 (citation omitted). Because the tested "circumstances" were different than the challenged "circumstances," the survey results do not satisfy

---

[2] *See Trader Joe's*, 4 F.4th at 882; *Dr. Pepper*, 945 F.3d at 1229–30; *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965–66 (9th Cir. 2016); *Freeman*, 68 F.3d at 290.

Plaintiffs' burden of demonstrating how reasonable consumers would respond to the advertising Plaintiffs actually encountered. *See McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023) ("[T]he survey here does not adequately address the primary question in this case.").

3. Plaintiffs also contend the district court erred by dismissing their related claims under California's Unfair Competition Law ("UCL"). Cal. Bus. & Prof. Code §§ 17200 *et seq.* We disagree. First, Plaintiffs concede that the only basis for their "unlawful"-prong UCL claim is their predicate fraud claims. It therefore fails for the same reasons as the fraud claims. Second, Plaintiffs argue the district court erred in denying their "unfair"-prong UCL claim by misapplying California's "balancing test, which requires courts to "weigh 'the utility of the defendant's conduct against the gravity of the harm to the alleged victim.'" *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012) (quoting *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 85 Cal. Rptr. 2d 301, 316 (Ct. App. 1999)). But the only conduct of Energizer's that might have harmed the Plaintiffs is the supposedly fraudulent nature of its advertising. Since that depends on the same rejected theory supporting Plaintiffs' fraud claims, it fails to support Plaintiffs' UCL claim for the same reasons.

**AFFIRMED.**