**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORI MYERS, an individual, on behalf of herself and all others similarly situated, | No.   22-55930 |
| Plaintiff-Appellant, | D.C. No. 5:20-cv-00335-JWH-SHK |
| v. | |
| STARBUCKS CORPORATION, a Washington Corporation, | MEMORANDUM[*] |
| Defendant, | |
|  and | |
| MARS WRIGLEY CONFECTIONERY US, LLC, A Delaware Corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John W. Holcomb, District Judge, Presiding

Argued and Submitted June 12, 2024
Pasadena, California

Before:  W. FLETCHER, CHRISTEN, and VANDYKE, Circuit Judges.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellant Lori Myers sued Defendant-Appellee Mars Wrigley Confectionary US, LLC ("Mars") under the California Consumers Legal Remedies Act and California's Unfair Competition Law. Myers claimed the label of Mars's Dove Dark Chocolate products misled her to believe the products were made without employing child slave labor or contributing to rainforest deforestation. According to Myers's complaint, "Child slavery is undisputably endemic in cocoa harvesting in West Africa," and "it is also well-settled that the 'Chocolate industry drives rainforest disaster in [the] Ivory Coast.'" (Citation omitted.) "[A]t the current pace of deforestation there will be no forest left in the Ivory Coast by 2030."

Myers alleges that Mars places the following label on its Dove Dark Chocolate products but not on its other chocolate products: "We buy cocoa from Rainforest Alliance Certified™ farms, traceable from the farms into our factory." Myers claims this label led her to believe the company's Dove Dark Chocolate products contain some amount of cocoa traceable to farms that do not employ child slave labor or contribute to deforestation in West Africa. According to Myers's complaint, however, Mars in fact can trace only a fraction of the cocoa it buys to the farms where the cocoa beans originated, and it intermingles these traceable

2

beans with untraceable beans in its factories "so that no product can be guaranteed to contain any fair trade beans at all."

The district court dismissed Myers's claims against Mars. We have jurisdiction pursuant to 28 U.S.C. § 1291 and may affirm on any ground supported by the record. *Silk v. Bond*, 65 F.4th 445, 456 (9th Cir. 2023). We affirm.

The district court incorrectly dismissed Myers's complaint on the ground that the label on Mars's Dove Dark Chocolate products is "carefully worded" and "technically true." Under California law, literal truth is not a defense. As our circuit and the California courts have recognized, "California laws 'prohibit "not only advertising which is false, but also advertising which[,] *although true*, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public."'" *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1017 (9th Cir. 2020) (emphasis and alteration in original) (quoting *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)); *see also Kasky v. Nike, Inc.*, 45 P.3d 243, 250 (Cal. 2002) (same).

We nonetheless affirm the dismissal of Myers's claims. Chocolate consumers might reasonably assume from the language of the label and its exclusive placement on Dove Dark Chocolate products that some amount of beans from Rainforest Alliance Certified farms were used in the production of Dove Dark

Chocolate. However, Mars's Dove Dark Chocolate label does not represent that Rainforest Alliance Certified farms avoid deforestation and the use of child labor. Nor does Myers allege that Rainforest Alliance Certified farms do so. "[A] significant portion" of reasonable chocolate consumers thus would not be led to believe that Dove Dark Chocolate contained cocoa beans produced without child labor and deforestation. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (quoting *Lavie v. Procter & Gamble Co.*, 129 Cal. Rptr. 2d 486, 495 (Cal. Ct. App. 2003)).

**AFFIRMED.**